GEORGE SPARHAWK & wife *vs.* CHARLES WILLS.

A conditional judgment on a writ of entry to foreclose a mortgage is conclusive evidence of the amount then due on the mortgage, in a subsequent suit in equity to redeem the land mortgaged.

The mortgagee of a valuable estate, handsomely laid out, on which are many young fruit trees and ornamental trees, if he cannot, by reasonable efforts, let the estate for a sum sufficient to keep it in a state of reasonable repair, including the preservation of the fruit trees, may be allowed, upon the redemption of the estate by the mortgagor, the expenses necessary to keep it in such repair; but not money paid for a horse and cart, cow and farming utensils, and other expenditures in cultivating the land.

Upon exceptions to the report of a master in chancery, in which the evidence is not reported in detail, the court will not revise his conclusions in matters of fact, nor recommit his report for the purpose of having the evidence reported upon which such conclusions were based, if no request to that effect was made before the master.

BILL IN EQUITY, filed on the 19th of August 1854, to redeem an estate from a mortgage made by the plaintiff to the defendant on the 5th of October 1848, to secure the payment of a note of $7,000 in one year with interest. On this mortgage the defendant, at June term 1851 of the court of common pleas, had brought a writ of entry to foreclose, and obtained a conditional judgment for the payment of $7,716 in sixty days, and, in default thereof, for possession; which possession, such payment not having been made, the defendant took on the 6th of October 1851, and had since kept.

The case, having been referred to a master to state the account

between the parties, now came before the court upon the plain-tiffs' exceptions to his report in the following particulars:

1st. Because the master, upon the suggestion of the defend-ant that there was a mistake in the computation of interest in the conditional judgment, computed interest upon the mortgage note, instead of computing it upon the judgment.

2d. Because the master did not charge the defendant with any rent of the premises, although there was evidence before him that the premises were worth ten thousand dollars, and " that the rent of estates in the country (on account of expenses of repairs, &c.) ought to be equal to ten per cent. on their value, in order to yield a net revenue equal to six per cent. thereon."

3d. Because the master allowed the defendant the sum of twenty dollars a month, paid by him for the compensation of a person employed as farmer and gardener to take care of the estate, under an agreement that he should receive that compen-sation and occupy the house rent free; and other sums paid by the defendant, amounting in all to three thousand dollars, for the care and management of the estate, and the purchase of a horse, cow, cart, harness, sleigh, haycutter, plough, cultivator and farming tools, charging him with their present cash value, and with produce sold by him from time to time.

The master, upon the testimony of the person in charge of the premises, and other evidence, reported as follows: " The mortgaged premises, known as the ' Woodland Farm,' are sit-uated in the city of Newburyport, about one mile from the centre of business. They comprise ten acres of land, the most of which is covered with fruit and ornamental trees, the fruit trees being some seven hundred or eight hundred in number. A great many of these fruit trees are young, and at present produce nothing; some of them yield but little, and it will take considerable time to bring them to their full productiveness. As a fruit farm, it is some nine or ten years old, and the property is improving in value. The ornamental trees are of no profit, and probably never will be. Besides the fruit, the farm produces a small quantity of vegetables · a quarter of an acre was planted

with potatoes; a quarter of an acre with beets and carrots; and
it yielded five or six tons of hay. The place is laid out in walks
and carriage ways, which are gravelled, and ornamented with
borders, shrubbery and ornamental trees, which are of no profit,
but all require care and attention. It was necessary for the wit-
ness to procure the additional help for which the defendant has
charged, and the price paid therefor was reasonable. When the
witness was put in charge by the defendant, there was nothing
on the place to carry it on with, and the witness purchased the
articles charged in the defendant's bills, at fair and reasonable
prices, as charged, and they were all necessary for the proper
management of the premises. It was cheaper to buy said arti-
cles than to hire. They are now in as good order and condition
as when purchased, reasonable use and wear excepted. No
additions have been made, and the place has only been kept in
as good order and condition as when the witness was put in
charge of it. The repairs made have been slight, and were nec-
essary. The place cannot now pay for itself, and there is no
other mode of managing it, as a farm, than the one which the
witness pursued, which would make it more productive." And
the master concluded " that the defendant was justified in tak-
ing possession of and managing said premises as he did, and
that his management was prudent and reasonable," and al-
lowed his account as amended, showing a balance due him of
$11,112.53.

*G. Sparhawk*, for the plaintiffs.

*H. C. Hutchins*, for the defendant. 1. The conditional judg-
ment, in an action at law to foreclose the mortgage, can have
no binding force in this suit in equity, which is not based in
any way upon that judgment. The conditional judgment is
not like an ordinary judgment, but is rendered under the Rev.
Sts. *c.* 107, § 5, for the benefit of the mortgagor, and upon his
motion; and if he does not avail himself of it by paying the
amount within sixty days, the whole matter is at large, and
upon a bill in equity to redeem, he must pay " the whole sum
then due and payable on the mortgage." Rev. Sts. *c.* 107, § 14.
In *Van Vronker* v. *Eastman*, 7 Met. 157, there had been a con-

36*

ditional judgment; yet it was not taken as a basis of comput-
ing the amount due.

The conditional judgment was erroneous; and yet, not being
now a judgment, because this condition has not been availed
of, no action could be maintained upon it; no process would
lie now to correct the error; and it is as if it had never been
rendered.   To make that judgment the basis of computation
would, in many cases, do injustice to the defendant, by com-
pounding interest.   But even if it is to be the basis of com-
putation, this court, sitting in equity, will correct the error, and
compel the plaintiff, seeking equity, to do equity.

2.  A mortgagee is never charged with rents which he has not
received, unless he might reasonably have received them.   Here
the master finds that no rent could have been obtained, from the
nature of the property.   The question is, not what the premises
were worth, but what the mortgagee received, or might have
received.   4 Kent Com. (6th ed.) 165.   2 Cruise Dig. tit. 15,
*c.* 2, § 21.   3 Pow. Mortg. (Rand's ed.) 949.

3.  The defendant was properly allowed the expenses of carry-
ing on the farm.   A mortgagee may perhaps not be bound to
pay out more than he receives ; but the statute contemplates
the possibility of such expenditure, and provides for its allow-
ance.   Rev. Sts. *c.* 107, § 15.   *Reed* v. *Reed,* 10 Pick. 398.
What is reasonable and proper husbandry on the part of the
mortgagee depends on the nature of the property.   This estate
required great and peculiar care, and was increased in value by
the cultivation necessary to maintain it.   The plaintiff stripped
the place, when he left it, of all means of carrying it on ; the
cattle and farming utensils purchased by the defendant were
necessary ; and the mortgagor was properly charged with their
price, and credited with their present cash value.   The expenses
allowed were not for ornament, but are found by the master to
have been reasonable and necessary to the upholding of the es-
tate, and appear to be so from his report; and every reasonable
presumption is to be made in favor of his report.   *Reed* v. *Reed,*
10 Pick. 398.   *Boston Iron Co.* v. *King,* 2 Cush. 400.   *Cazenove*
v. *Cutler,* 4 Met. 251.   *Russell* v. *Blake,* 2 Pick. 505.   2 Cruise

Dig. (Greenl. ed.) tit. 15, *c.* 2, §§ 27, 28, *& notes. Leith* v. *Irvine,* 1 Myl. & K. 277. *Sayers* v. *Whitefield,* 1 Knapp, 133.

DEWEY, J. The first exception taken to the master's report raises an important question, but one in reference to which we have no difficulty. It is this; whether, upon a bill filed by the mortgagor to redeem an outstanding mortgage, when there has been a writ of entry to foreclose the mortgage, and judgment in favor of the mortgagee, and the court have, in pursuance of the statute, when rendering the conditional judgment, " inquired and determined how much is due to the plaintiff on the mortgage," that judgment does not determine the sum to be taken to be due, and payable at the time of the judgment, until set aside by writ of error, review or other process? The master disregarded that judgment of the court as the standard, and proceeded to ascertain, irrespective of that, what sum was due on the mortgage, varying the amount from that ascertained by the judgment.

But that judgment of the court was one required by the Rev. Sts. *c.* 107, § 5. It was between the same parties now before the court, and upon the same subject matter. Upon familiar principles, a matter in controversy, which has been inquired into and settled by a court of competent jurisdiction, cannot be drawn in question in another suit between the same parties. *Homer* v. *Fish,* 1 Pick. 439. In *Bigelow* v. *Winsor,* 1 Gray, 301, 302, 303, the doctrine was thus stated : " One valid judgment, by a court of competent jurisdiction, between the same parties, upon considerations as well of justice as of public policy, is held to be conclusive, except where a review, an appeal, or re-hearing in some form, is allowed and regulated by law. No man is to be twice vexed with the same controversy." " Whether it be a court of law or equity, of admiralty or of probate, if in the matter in controversy between the parties, with the same object in view, that of remedy between them, the court had jurisdiction to decide, it is a legal adjudication binding on these parties." The same doctrine is stated in *Greene* v. *Greene,* 2 Gray, 364. See also *Burke* v. *Miller,* 4 Gray, 114.

Looking at the provisions of the statute, and the practical

bearing of this question, we must necessarily come to the same result.   Section 5 of *c.* 107 of the Rev. Sts., after providing that when the conditional judgment is to be entered, the court shall inquire and determine how much is due to the plaintiff on the mortgage, enacts, " that if the defendant shall, within two months after the judgment, pay to the plaintiff the sum so found due on the mortgage, with interest and costs of suit, the mortgage shall be void, and the defendant shall hold the premises discharged thereof." It will be perceived that, as regards the mortgagee, the judgment of the court, determining the amount due on the mortgage, is entirely conclusive, and the mortgagor may, by paying such sum as is so found due on the mortgage, hold the premises discharged thereof. It would be certainly a singular state of the law, if the judgment determining the amount due on the mortgage was binding only on the mortgagee, and the mortgagor was left to his election to treat that as the sum due, if the judgment was a favorable one, but if otherwise, to open the case anew by his bill in equity.   Suppose, upon a seriously contested question as to a large payment alleged to have been made upon the mortgage, the court had decided the evidence to be insufficient to sustain the allegation of payment, the mortgagor might omit to comply with the order in the conditional judgment, and the next day after the expiration of the two months file his bill in equity, offering to pay all that is justly due, and thereupon proceed to try *de novo* the very question already passed upon in the order for conditional judgment in the action to foreclose the mortgage.   If this were so, it would give the right to the mortgagor exclusively, to treat the judgment in an action to foreclose, as conclusive or as a nullity, as might be thought for his interest, while it would be conclusive upon the mortgagee.

That the law was otherwise, and that such judgment was conclusive as to the sum then due and payable, was assumed by me in delivering the opinion of the court in the case of *Merriam* v. *Merriam*, 6 Cush. 93.   This question was indeed long since directly decided by this court, though the case does not appear in the published volumes of reports.   *Stevens* v. *Miner*, Berk-

shire, September term 1849.* We are therefore of opinion that the exceptions to the master's report upon this point are well taken.

The second and third exceptions taken to the master's report, that the master has not credited the plaintiffs with the rent which the defendant might have received, and has improperly charged the plaintiffs with various large items of expenditure in reference to the management and cultivation of the land, and the care of the fruit trees growing thereon, present questions of more difficulty. The general rule is prescribed by the Rev. Sts. *c.* 107, § 15, requiring the mortgagee, who has had possession of the mortgaged premises, to account for the rents and profits, and providing that he shall be allowed for all sums expended thereon in reasonable repairs and improvements, and for all necessary expenses in the care and management of the premises. But in its application to a case like the present, some more specific directions may be necessary. It was undoubtedly the duty of the mortgagee to make all reasonable efforts to rent these premises. It is also true that the mortgagee, if he could not rent the premises for a sum sufficient to keep them in a state of

---

\* Ensign D. Stevens *vs.* Miles Miner.

Bill in equity to redeem land from a mortgage made by Jonathan C. Stevens, on which a writ of entry had been brought for foreclosure, and a conditional judgment entered, and possession taken by the mortgagee under that judgment. The plaintiff alleged in his bill, and proposed to prove before the master, that the note secured by the mortgage was in part without consideration, and that much less was justly due than the sum stated in the conditional judgment. But the master was of opinion that it was not open to the mortgagor or his assigns to impugn that judgment, and· adopted the sum stated therein as the amount then due and payable to the mortgagee. The plaintiff excepted to the master's report, "because the master ruled that a conditional judgment in an action for foreclosure, brought by the defendant against the mortgagor, was binding and conclusive upon the plaintiff, and adopted the amount found due upon that judgment as the basis of his computation, and refused to allow the plaintiff to introduce evidence to show that a less amount was due." The Court, after argument, overruled the exceptions.

*W. Porter*, for the plaintiff.

*L. Sumner*, for the defendant.

reasonable repair, including what was necessary for the preservation of the fruit trees growing thereon, so far as ordinary care would require, might properly charge the expenses, beyond what was received for rent, as against the mortgagor.

But we are of opinion that the various items now claimed as expenditures for cultivating the land, purchasing farming utensils, money paid for a horse and cart and cow, and the allowance to hired laborers for their services in cultivating the land, cannot be properly allowed as charges against the mortgagor in the form they were presented to and allowed by the master, and that, for this reason also, the case must be recommitted to the master.

Upon the whole case, the court are of opinion that the exceptions to the master's report be so far sustained that the report be recommitted to the master, with these directions :

1. To take, as the basis for the computation of the amount which the mortgagor was liable to pay on the mortgage, the sum stated in the conditional judgment rendered in the action to foreclose the mortgage.

2. To ascertain at what rent the entire premises could have been let, the tenant taking ordinary care of the trees and the real estate generally ; and to credit that sum to the mortgagor.

3. If the premises could not be let for a sum sufficient to pay all necessary expenses of preserving the property, then the master will ascertain what further sum would have been required, beyond what the premises might have been let for, to keep them in as good order as they would be kept in with ordinary care applied to the preservation of the fruit trees and other property ; and charge the mortgagor with that amount.

4. That the debts and credits, arising from the expenditures for cultivating the land, and the amount realized from the products thereof, as stated in the master's report, be stricken out of the account.                                  *Report recommitted.*

The master made a new report, the whole of which, except a recital of the directions of the court, a computation of interest

on the basis of the conditional judgment, and a re-statement of the account, showing the amount due the defendant on the 18th of October 1856 to be $10,172.26, was this : " I report that I have been attended at several times by the counsel for the plaintiffs and for the defendant, and have taken the testimony of the witnesses produced by them before me, as to the matters so submitted as aforesaid, and have heard the arguments of counsel thereupon ; and upon due and full consideration of all the evidence in the case, I am of opinion and find that said premises might have been rented, under the circumstances, to a tenant who would have taken ordinary care of the trees, and the real estate generally, and who would have paid all the necessary expenses for preserving the property, including taxes, &c., and no more."

The plaintiffs excepted to this report, on the ground that the master acted in violation of the third direction of the court, in finding that the premises could not be let for more than enough to pay necessary expenses for preserving the property ; when the plaintiffs had produced before him five witnesses, well acquainted with the value of estates, who testified that the premises could be let for a thousand dollars a year to tenants who would take ordinary care of the place and trees, and keep the estate in a better condition than it was in at present.   And the plaintiffs prayed the court to recommit the report to the master, with instructions to make a report under the second former direction, conformably with the evidence offered at the hearing ; or else state the evidence, that the court might determine in what particular the report was erroneous.

At November term 1856, these exceptions were argued by the same counsel.

BY THE COURT.   The sum for which the premises would let was simply a matter of fact, to be ascertained by the master from all the evidence submitted to him, and as he has not reported the evidence, and was not requested to report it, his finding is conclusive.   *Boston Iron Co.* v. *King*, 2 Cush. 405, 406, *Adams* v. *Brown*, 7 Cush. 222.                *Exceptions overruled.*