## DANIEL C. THOMPSON *vs.* DANIEL S. KENYON.

The entry of a mortgagee of land upon the land for breach of the condition of the mortgage and for the purpose of foreclosure, under the Gen. Sts. *c.* 140, §§ 1, 2, is peaceable, within the meaning of the statute, if not opposed by the mortgagor or other person claiming the premises; and open, within the meaning of the same, if made in the presence of two competent witnesses, whose certificate thereof is sworn to and duly recorded within thirty days in the registry of deeds for the county where the land lies; and the certificate need not state in terms that the entry was open.

The signature of a witness to a certificate of the entry of a mortgagee of land upon the land, for breach of the condition of the mortgage and for the purpose of foreclosure under the Gen. Sts. *c.* 140, §§ 1, 2, is sufficient if made by his mark.

The mortgagor of land subject to two mortgages filed a bill in equity to redeem it from the first mortgage, after the first mortgagee had made open and peaceable entry on the land for breach of the condition of his mortgage and for the purpose of foreclosure under the Gen. Sts. *c.* 140, §§ 1, 2, and before the possession so gained had been continued for three years. While the suit was pending, the three years expired; after which the first mortgagee, the suit still pending, executed a quitclaim deed of the land to the second mortgagee for a consideration equal to the amount due on the first mortgage and accrued interest, and at the same time indorsed to him the first mortgage note. *Held,* that upon the subsequent abandonment of the suit by the plaintiff the second mortgagee succeeded to all the rights of the first mortgagee, and held the land by an indefeasible title under a completed foreclosure.

BILL IN EQUITY to redeem real estate from a mortgage given by the plaintiff to David Heywood. Answer, that the right of redemption was foreclosed. Issue was joined on the answer, and a hearing had before *Colt,* J., who reserved the case for the determination of the full court on a report of which the following is the material part:

" It appeared that the mortgage was given by the plaintiff June 25, 1850, and assigned by Heywood to Jonathan Fawcett May 24, 1851. To prove a foreclosure the defendant relied upon a certificate indorsed upon the back of the mortgage deed as follows : .

" ' I, Jonathan Fawcett, the assignee of the mortgage, the conditions of the within mortgage being broken, this day entered upon the premises and took peaceable possession for conditions broken, and for the purpose of foreclosing this mortgage. Jonathan Fawcett.

" ' We, the undersigned, hereby certify and swear that Jonathan Fawcett, the assignee of the within mortgage, this day

entered upon the premises described and referred to in the within deed, and then in our presence declared that he took peaceable possession of the premises for conditions broken and for the purpose of foreclosing the mortgage. Witness our hands and seals, the 11th day of April, 1857.

"'In presence of Edwin R. Walker. [Seal.]
Israel Cutting, Elgin $\overset{\text{his}}{\underset{\text{mark.}}{\times}}$ Barker. [Seal.]
Charles Hersey.

"'Sworn to before me, Charles Hersey, Just. Peace.'

"This certificate was duly recorded; and was held by me, if followed by the statute possession, to be legally sufficient to foreclose said mortgage. The plaintiff remained in actual occupation of the premises from the date of the entry by Fawcett until the date of the conveyance by Fawcett to the defendant; but there was no evidence that his occupation was not in subordination to Fawcett's title under the mortgage. After the conveyance to the defendant, the plaintiff occupied a part of the premises under the defendant. The plaintiff filed a bill April 10, 1860, against said Fawcett, to redeem the premises, which was duly served, but no appearance was entered by Fawcett and no further proceedings were had therein, and the suit was entered 'neither party,' at April term 1861, at the instance of the plaintiff. Fawcett conveyed the mortgaged premises to the defendant October 29, 1860, by quitclaim deed in the ordinary form, duly recorded. The consideration for this conveyance was the amount due on the mortgage, principal and interest, which was then paid by the defendant. At the same time, the mortgage note was indorsed to the defendant without recourse. At the time of the conveyance from Fawcett, the defendant held a second mortgage on the premises, given by the plaintiff, dated February 26, 1855, and duly recorded.

"The plaintiff, in avoidance of the alleged foreclosure, contended, 1. that, after the expiration of the three years for redemption, but during the pendency of the bill to redeem of Fawcett, the defendant took up the first mortgage at the plaintiff's request, and agreed with him at the time of the conveyance from Fawcett to allow further time for redemption; 2. that

such agreement to extend the time of redemption was, at all events, made by the defendant before said bill to redeem was dismissed; and 3. that at the time of Fawcett's deed the defendant had actual knowledge of the attempted foreclosure, and also of the pendency of the bill to redeem. The defendant denied each of these allegations; and there was much conflict of evidence under them. The plaintiff contended that the burden of proof to establish the foreclosure was upon the defendant; and I so ruled. But I was of opinion that the burden of establishing the above propositions was upon the plaintiff; and upon the whole evidence was not satisfied that either of the propositions was proved. The plaintiff, notwithstanding, insisted that upon the uncontroverted facts he was still entitled to redeem."

*T. L. Nelson*, for the plaintiff. 1. The certificate indorsed on the mortgage is not sufficient to prove a foreclosure. It is not signed by Barker, within the meaning of the statute. Nor was the recording of it notice to the plaintiff and the defendant that Fawcett had made an open and peaceable entry under his mortgage; especially as he never was in the actual occupation of the premises. Gen. Sts. *c*. 140, §§ 1, 2. *Ellis* v. *Drake*, 8 Allen, 161. *Bennett* v. *Conant*, 10 Cush. 163. *Oakham* v. *Rutland*, 4 Cush. 172.

2. When Fawcett conveyed to the defendant, who was the second mortgagee, the right to redeem both mortgages was still in the plaintiff. Gen. Sts. *c*. 140, §§ 1, 2, 13. The defendant had constructive, if not actual, notice of Fawcett's title, and of the plaintiff's bill to redeem then pending. *Haven* v. *Adams*, 8 Allen, 363. 2 Washb. Real Prop. (3d ed.) 140, 229. Fawcett's deed did not, for he could not, convey an absolute estate. He could only assign or release his interest as mortgagee. It was in form a release; and the defendant was in a position to take by way of release. But whether it is to be considered as a release, or as an assignment, the plaintiff's rights are the same. He had no other knowledge of the transaction than could be derived from the deed itself, by which all that appeared was that the second mortgagee had paid the first mortgage, and taken from the first mortgagee a conveyance in the form of a

release; no notice was given to him that the defendant claimed any rights under Fawcett's attempt to foreclose; the defendant exercised no other acts of ownership over the estate than such as were consistent with his title as mortgagee in possession; and there is nothing in the case to show that the defendant entered into possession under Fawcett's foreclosure rather than under his mortgage title. The plaintiff might well have deemed himself at liberty to discontinue his suit against Fawcett without prejudice to his right to redeem, when he found that the second mortgagee, who had an equal right to redeem with himself, had paid off the first mortgage and procured a release from the holder. It is a fraud on the rights of the plaintiff to set up against him a title so acquired. *Crittenden* v. *Rogers*, 8 Gray, 452. 2 Washb. Real Prop. (3d ed.) 159, 183. 4 Kent Com. (6th ed.) 167. *Farmers & Mechanics Bank* v. *Bronson*, 14 Mich. 369. *Holridge* v. *Gillespie*, 2 Johns. Ch. 30. *Gibson* v. *Crehore*, 5 Pick. 146. *Ayres* v. *Waite*, 10 Cush. 72. Gen. Sts. *c.* 89, § 30. The plaintiff is therefore entitled to redeem by paying both mortgages. *Saunders* v. *Frost*, 5 Pick. 259. *Reed* v. *Bigelow*, Ib. 281.

*P. E. Aldrich*, for the defendant.

FOSTER, J. Under the statutes providing for the foreclosure of a mortgage by open and peaceable entry on the mortgaged premises and possession thereof continued peaceably for three years, an entry is peaceable if not opposed by the mortgagor or person claiming the premises, and sufficiently open if made in the presence of two competent witnesses whose certificate thereof is sworn to and duly recorded within thirty days in the registry of deeds for the county where the land lies. Gen. Sts. *c.* 140, §§ 1, 2. The certificate is not in terms required to state that the entry was open; and it is enough that it states in the present case that it was in the presence of the two witnesses. The signature of a marksman was sufficient in this case, as in all others, even the attestation of a will.

The mortgagor, the plaintiff, just before the three years' possession expired, filed a bill to redeem against Fawcett, the assignee of the mortgagee, and the one by whom the entry had

been made; pending this bill Fawcett assigned his interest to the defendant by quitclaim deed; subsequently that suit was abandoned by the entry of "neither party." The conveyance *pendente lite* did not affect the suit in equity to redeem. When that was discontinued, the defendant succeeded to all Fawcett's rights, and held the estate by an indefeasible title under a completed foreclosure. We discover no foundation for the suggestion that Fawcett's conveyance to the defendant was a release either of the mortgage or its foreclosure. It was an assignment of the mortgage, and of all Fawcett's rights under it.

The certificate of the entry is made by statute evidence of the fact. *Oakham* v. *Rutland,* 4 Cush. 172.           *Bill dismissed.*