## GRAY v. GILLESPIE.

A writ of entry on a mortgage can be maintained before there has been any breach of the condition.

WRIT OF ENTRY, on a mortgage.  Plea, the general issue, with a brief statement that the condition of the mortgage has not been broken.  Motion to reject the brief statement.

*Burrows & Jewell*, for the plaintiff.

*Burleigh & Adams*, for the defendant.

In an action counting upon a seizin in fee and in mortgage, the judgment must be conditional.  G. L., c. 232, s. 12; *Aiken* v. *Gale*, 37 N. H. 501; *McDaniel* v. *Cater*, 21 N. H. 229; *Briggs* v. *Sholes*, 14 N. H. 266.

BINGHAM, J.  It is provided by Gen. Laws, c. 232, s. 12, that in actions on mortgages the judgment shall be conditional, that if the mortgageor pays to the mortgagee the sum the court shall adjudge due, within two months after judgment rendered, with interest, the judgment shall be void.  The defendant claims that this provision applies to all actions upon mortgages, and that, if nothing is due on the mortgage debt, no action can be maintained because no judgment can be rendered.  This statute, almost in its present

form, has existed in this state for a longer period than is covered by our reported cases. We are unable to find an instance in which the court has intimated such a construction as the defendant claims. A mortgage vests the seizin of the estate in the mortgagee, and he may at any time enter upon the mortgageor, and take and retain possession of the premises for the purpose of receiving the rents and profits until the condition is performed. *Brown* v. *Cram*, 1 N. H. 169; *Hartshorn* v. *Hubbard*, 2 N. H. 453; *Hunt* v. *Stiles*, 10 N. H. 466; *Dearborn* v. *Dearborn*, 9 N. H., 117; *Ellison* v. *Daniels*, 11 N. H. 274; *Smith* v. *Moore*, 11 N. H. 55, 61; *Chellis* v. *Stearns*, 22 N. H. 312. In an action brought to foreclose a mortgage, the judgment must be conditional. But in this case, the mortgagee, being entitled to the possession of the premises in order that he may take the rents and profits, can maintain his action. *Hobart* v. *Sanborn*, 13 N. H. 226.

*Case discharged.*

ALLEN, J., did not sit: the others concurred.