CLOUGH & a., *Ex'rs*, v. ROWE.

The right of recovery of real estate contemplated in the statute of limitations (G. L., c. 22, s. 1) is a right of recovery as owner, and not the mere right of possession which a mortgagee has for the protection of his security.

WRIT OF ENTRY, on a mortgage to the plaintiffs' testate, exe-
cuted October 19, 1863, to secure, besides certain notes that have
been paid, one note for $447, dated April 1, 1862, made payable in
five years from its date with interest annually, which has not been
paid. The defendant pleaded the statute of limitations. The
court ruled that the plea was not sustained by the foregoing facts,
and the defendant excepted.

*Sulloway, Topliff & O'Connor,* for the defendant.

*Clough & Clark,* for the plaintiffs.

CLARK, J. "No action for the recovery of real estate shall be
brought after twenty years from the time the right to recover first
accrued." G. L., c. 221, s. 1. A mortgagee's recovery of posses-
sion by a real action before breach of condition (when possession
is not reserved by the mortgagor) is a mere provisional protection
of the creditor's security. *Furbush* v. *Goodwin,* 29 N. H. 321,
332; *Tripe* v. *Marcy,* 39 N. H. 439, 444; *Gray* v. *Gillespie,* 59 N.
H. 469. Foreclosure being an application of the land to the pay-
ment of the debt, an action for the foreclosing recovery of the
estate cannot be maintained until the debt is due; and under the
statute, limiting the time within which the foreclosing right of ac-
tion can be exercised, the limited time does not begin before the
right exists. *Howard* v. *Hildreth,* 18 N. H. 105; *Tripe* v. *Marcy,*
*supra* 445. If the unpaid note were payable twenty-one years after
the date of the mortgage, the right of enforcing its payment by
foreclosure would not be barred a year before foreclosure could be
begun.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.