## BARTLETT *v.* SANBORN.

A mortgagee's constructive possession during the year following his foreclosing entry is not actual, within the meaning of the statute of foreclosure, as against the mortgagor's second grantee who has actual and exclusive possession, not subordinate in fact to any right of any other person, during the whole of the same year.

TROVER, for wood cut by the defendant on lot No. 2, which had been conditionally conveyed, with lots Nos. 1 and 3, by a single mortgage given by one Dearborn to a bank. Facts found by the court. The mortgage had been foreclosed, in the second statutory mode, on No. 1, which was equal in value to the mortgage debt. If the mortgage was not foreclosed on No. 2 in the same manner and at the same time, the plaintiff is entitled to judgment for $135.

*Barnard & Barnard*, for the plaintiff.

*Pike & Parsons* and *C. C. Rogers*, for the defendant.

DOE, C. J. The mortgage of the three lots was made to the bank in 1871, and the bank conveyed lot No. 2 to the defendant in 1883. The only actual possession the bank ever had of this lot was the foreclosing entry made upon it in 1881. In 1879 the mortgagor conveyed it, so far as he could by an absolute warranty deed, to the plaintiff; and since that conveyance the plaintiff has had exclusive possession, not subordinate, in fact, to any right of any other person, and interrupted only by the bank's peaceable entry May 24, 1881, and by the defendant's cutting the wood in the winter of 1883–'84. For foreclosure, the bank needed not only an entry, but also a year's continued, actual, peaceable possession. Gen. Laws, *c.* 136, *s.* 14. During the whole of the year of alleged foreclosure after the entry, the plaintiff's possession was continued, actual and peaceable, and the bank's possession was constructive: the plaintiff had constructive notice, but no knowledge of the mortgage and the foreclosing entry; and the bank had no knowledge of the conveyance to the plaintiff, or of his possession. Under these circumstances, the mortgagee's possession, found to be imaginary in fact, was not actual within the meaning of the statute of foreclosure.

If the lot had been wild and unoccupied, all the foreclosing possession that was reasonably practicable might have been a compliance with the statute. *Green* v. *Cross*, cited in *Green* v. *Pettingill*, 47 N. H. 375, 379. Foreclosures on reversions and equities may also come within a rule of necessity and practicability, upholding the only possession of which the mortgaged estate is reasonably capable. *Colby* v. *Poor*, 15 N. H. 198; *Penniman* v. *Hollis*, 13

Mass. 429; *Palmer* v. *Fowley*, 5 Gray 545.    But the fact is found that the bank's constructive possession of this lot was not all that is required by that rule.    The Massachusetts statute has received a liberal construction.    *Swift* v. *Mendell*, 8 Cush. 357; *Bennett* v. *Conant*, 10 Cush. 163; *Lennon* v. *Porter*, 5 Gray 318; *Hawkes* v. *Brigham*, 16 Gray 561; *Ellis* v. *Drake*, 8 Allen 161; *Thompson* v. *Kenyon*, 100 Mass. 108; *Fletcher* v. *Cary*, 103 Mass. 475.    The meaning of our statute, settled by practice and general understanding, does not sustain the sufficiency of the fictitious and presumed possession in this case.    For some purposes, possession held by the mortgagor, or any one claiming under him by title subsequent to the mortgage, is presumed to be in subordination to the mortgage, and not adverse.    *Howard* v. *Hildreth*, 18 N. H. 105, 107; *Tripe* v. *Marcy*, 39 N. H. 439; *Hodgdon* v. *Shannon*, 44 N. H. 572, 578; *Bellows* v. *Railroad*, 59 N. H. 491, 492.    But the presumption is not conclusive for all purposes.    For whatever equitable purpose it might make the plaintiff's possession subordinate in contemplation of law contrary to the fact, it did not confer upon the bank's unreal and unapparent possession the character of actuality required by the statute of foreclosure.

After entry, the bank leased the three lots to the mortgagor, who continued to occupy No. 1.    But as the lessee had no other possession of No. 2 than the constructive holding derived from the lessor, the lease is immaterial between these parties.    The actual possession which the bank had of the lot occupied by the mortgagor as lessee cannot be constructively extended, for the purpose of foreclosure, against the plaintiff, to the tract occupied by him as his own without any recognition or knowledge of the paramount mortgage title.    If the entry on No. 2 had been made under process of law for foreclosure in the first statutory mode, the subsequent foreclosing possession need not have been peaceable, but must have been something more than a continuance of the legal seizin that had been in the mortgagee ten years, and something more than such continued seizin reinforced by a momentary entry.

*Judgment for the plaintiff.*

SMITH, J., did not sit: the others concurred.