## PERKINS, *Adm'r, v.* EATON.

64  359
68  132

The possession of a mortgagor is analogous to that of a tenant at will or at sufferance. By bringing a suit to foreclose the mortgage, the mortgagee may elect to treat that possession as a disseizin.

WRIT OF ENTRY, on a mortgage of an undivided half of land and buildings in Pittsfield, executed by Joseph H. Eastman to John C. Perkins, the demandant's intestate, July 25, 1857, to secure a note for $225, dated November 12, 1851, payable on demand. Pleas, *nul disseizin* and the statute of limitations. Subject to exception, the demandant was permitted to testify to a conversation

he heard between Eastman and his intestate in 1869, in which the former said he had lost the mortgage note; to which Eastman replied, " Your mortgage is all right: it is on record, and you can have possession at any time. I shall have no more to do with the house." There was no evidence that the mortgagee was ever in possession of the premises. The defendant moved for a nonsuit, which was denied.

The defendant testified that he went into the possession and occupation of the premises in July or August, 1862, and had occupied them ever since; that he entered by permission and as tenant of S. M. D. Perkins, who was a half owner, and that he had paid him $36 a year as rent for his half since; that for twenty years he had made repairs upon the buildings at different times, and shingled the house eighteen years ago; and that neither Eastman, the mortgagor, nor John C. Perkins, the mortgagee, had ever called upon him to pay rent, or interfered with his occupancy, or made any entry upon or claim to the premises.

Neither party desiring to submit any question of fact to the jury, a verdict was ordered for the demandant, and the defendant excepted.

*Chase & Streeter*, for the demandant.

*A. F. L. Norris*, for the defendant.

SMITH, J. Upon the execution of the mortgage, the seizin as well as the title of the demanded premises vested in the demandant's intestate, who acquired and remained in constructive possession of the same until his death, unless the defendant's occupation assumed an adverse character by some unequivocal act distinctly brought to his knowledge. After the title became vested in the mortgagee, the mortgagor's possession was that of a tenant at will or at sufferance, or analogous to it; and the mortgagee's right to recover possession first accrued when the demandant, as his legal representative, by bringing this suit, elected to treat the defendant's possession as a disseizin. *Howard* v. *Hildreth*, 18 N. H. 105; *Sheafe* v. *Gerry*, 18 N. H. 245; *Chellis* v. *Stearns*, 22 N. H. 312; *Furbush* v. *Goodwin*, 29 N. H. 321; *Tripe* v. *Marcy*, 39 N. H. 439; *Clough* v. *Rowe*, 63 N. H. 562.

The defendant, by pleading *nul disseizin*, admitted that he was in possession of the demanded premises, claiming a freehold, and denied the demandant's right to recover any part of the premises. *Mills* v. *Peirce*, 2 N. H. 9; *Graves* v. *Amoskeag Mfg. Co.*, 44 N. H. 462. Under this plea no evidence was admissible except on the question of title. The defendant claims a title acquired by adverse possession. He does not claim under Eastman, the mortgagor. He went into possession in 1862 as the tenant of S. M. D. Perkins, the owner of the other undivided half of the premises,

and has since paid him rent for his half. There is no evidence tending to show that he occupied or claimed Eastman's undivided half adversely to him or to the demandant's intestate. *Campbell* v. *Campbell*, 13 N. H. 483. The fact that the defendant made some repairs upon the buildings while in their occupation as tenant of one of the owners, is not. standing alone, evidence of an adverse holding against the other owner. The defendant's possession was the possession of his landlord; and a tenant in common, taking the income and making repairs, is presumed to be in according to his title, unless he claims that his possession is exclusive and an ouster of his co-tenant. *Thompson* v. *Gerrish*, 57 N. H. 85.

The demandant's testimony as to the conversation with Eastman in 1869 was competent to show that his mortgage was not barred by the statute of limitations. *Hodgdon* v. *Shannon*, 44 N. H. 572, 576. Whether as against one having no title it was necessary to rebut the presumption of payment arising from the lapse of time, is a question which need not be considered.

The deed of the defendant to S. M. D. Perkins in 1882 may be laid out of the case as immaterial.

As there was evidence from which the jury might find for the demandant upon both issues, and the defendant did not desire to submit any question of fact to them, the verdict was properly ordered for the demandant.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.