RAY & a. *v.* SCRIPTURE & a.

In a foreclosure of a mortgage of land by entry under process of law and continued actual possession for one year, the foreclosure does not extend to a part of the mortgaged land which was occupied by a tenant of the mortgagor who never attorned to the mortgagee, and of which the mortgagee never had any possession except his legal seizin under the mortgage and a momentary entry.

If land on which a mortgage is foreclosed exceeds in value the amount of the mortgage debt, the remainder of the mortgaged land is discharged of the mortgage.

WRIT OF ENTRY, for a strip of land in Nashua, about four feet wide, extending from Pearl street northerly forty feet, and represented on the following sketch by the lines *a g h i:*

Facts found by the court. The Godfrey lot (*a b c d e f*) was conveyed by Reuben Godfrey to Gilman Scripture, October 26, 1874, and mortgaged back on the same day to secure a part of the purchase-money. There was no building upon it at the time, but Scripture, who was owner of the Tremont House property, subsequently extended the buildings on that property from the line *k j* westerly across the Godfrey lot, substantially as represented on the sketch, without any reference to the dividing line between the lots. The owner of the Godfrey mortgage recovered conditional judgment in a foreclosure suit May 15, 1880. The writ of possession that issued upon the judgment was put into the hands of an officer, who returned, under date of July 31, 1880, that he had caused the mortgagee to have full seizin and possession of the premises described in the writ, and the mortgagee acknowledged the receipt of the same in writing. At that time there were two stores in the first story of the building westerly of the partition represented by the line *g h*, which were occupied by tenants of the mortgagor. Easterly of the partition and next to it there was a livery-stable office, which was occupied by another tenant of the mortgagor and included the demanded premises. There were rooms above the first story. What the officer in fact did to execute the writ of possession was to cause the tenants of the two stores to attorn to the mortgagee. He did not go upon that part of the Godfrey lot that is included in the livery-stable office, nor request the tenant of the office to attorn to the mortgagee; and the tenant did not so attorn, but subsequently occupied the office and paid rent to the mortgagor as before. The remainder of the lot, aside from the demanded premises, was of sufficient value to pay the mortgage debt. The plaintiffs claim title under the mortgagee, and the defendants under the mortgagor.

*Charles W. Hoitt* and *Robert M. Wallace*, for the plaintiffs.

*George B. French*, for the defendants.

CHASE, J. The plaintiffs claim title to the demanded premises under a foreclosure of the Godfrey mortgage, attempted to be made according to the first mode prescribed by Gen. Laws, c. 136, s. 14. To maintain their title they must show an entry into the mortgaged premises under process, and continued actual possession thereof for one year. When the entry has been made the office of the process is completed. If the possession thus acquired is continued, it is held under the mortgage and not under the process. *Couch* v. *Stevens*, 37 N. H. 169; *Hall* v. *Hall*, 46 N. H. 240, 243. Assuming that the officer's return upon the writ of possession is sufficient evidence of an entry by the mortgagee upon the demanded premises (a point that would not be conceded if the officer's return were amended to conform to the

facts), the requisite possession remains to be shown. *Hall* v. *Hall, supra.* This must be "something more than a continuance of the legal seizin that had been in the mortgagee" previously, and "something more than such continued seizin reinforced by a momentary entry." When practicable, it must be actual as distinguished from constructive possession. *Bartlett* v. *Sanborn,* 64 N. H. 70, 71. Being a continuous course of action for a year, it is not a matter of record like the entry (G. L., *c.* 235, *s.* 18), but must be proved by other evidence. The mortgagor's tenants of the two stores situated westerly of the demanded premises became tenants of the mortgagee upon the entry. This was the only actual possession of the mortgaged premises held by the mortgagee during the year. The mortgagor's tenant of the livery-stable office, which included the .demanded premises, did not attorn to the mortgagee at the time of his entry, but occupied the office and paid rent to the mortgagor after the entry the same as before. There was no contract between the mortgagor and mortgagee by which the former's occupancy was to be treated as the latter's possession. While the actual possession of the stores passed to the mortgagee, that of the demanded premises remained in the mortgagor. The mortgagee's possession of the latter, at the most, was nothing more than his legal seizin reinforced by a momentary entry. See *Hobson* v. *Roles,* 20 N. H. 41; *Worster* v. *Great Falls Mfg. Company,* 41 N. H. 16. There was no practical difficulty in taking and continuing actual possession. The plaintiffs have failed to show a foreclosure of the Godfrey mortgage on the demanded premises. As the remainder of the Godfrey lot was of greater value than the amount due on the mortgage debt, the foreclosure of the mortgage upon it paid the debt and freed the demanded premises from the mortgage. *Green* v. *Cross,* 45 N. H. 574, 576; *Fletcher* v. *Chamberlin,* 61 N. H. 438, 493.

*Judgment for the defendants.*

CLARK, J., did not sit: the others concurred.