Coös, June 2, 1908.

WALKER & a. *v.* CHESSMAN.

A mortgagee acquiring possession of the mortgaged premises under a writ of possession holds the same by virtue of the mortgage and not by virtue of the judgment, as against heirs of one of the mortgagors who were not notified of the suit.

In such a case the heirs are constructively notified that the mortgagee is in possession for the purpose of foreclosure.

The foreclosure of a mortgage by entry under process of law and continued possession for one year bars the redemption right of the mortgagor's minor heirs.

BILL IN EQUITY, filed August, 1907, to redeem from two mortgages. Facts found by the court. Transferred from the December term, 1907, of the superior court by *Wallace*, C. J.

The plaintiffs are the children and heirs-at-law of Annie and Thomas Gorman. April 16, 1890, the defendant conveyed to Annie certain real estate in Northumberland, and on that date she, with her husband, executed a mortgage of the premises to secure the payment of $300, the whole or a part of the purchase price. On April 12, 1892, they executed a second mortgage to the defendant to secure the payment of a note for $100. Annie died July 30, 1894. August 2, 1894, Thomas executed a quitclaim deed of all his interest in the premises to the defendant, but remained in possession thereof until January 23, 1895. September 27, 1894, the defendant began a suit to foreclose the mortgages against Thomas, and at the October term, 1894, recovered conditional judgment against him for the premises. Thomas was the sole defendant, and notice of the foreclosure suit was given only to him. A writ of possession was duly issued upon the judgment, and January 23, 1895, the defendant was given seizin and possession of the premises under the same and has since been in possession, receiving rents and profits. Thomas died November 20, 1906. Some of the plaintiffs were minors during the foreclosure proceedings. The question was reserved whether their right to redeem was barred.

*Bernard Jacobs*, for the plaintiffs.

*Drew, Jordan, Shurtleff & Morris*, for the defendant.

WALKER, J.   The plaintiffs are entitled to redeem the land
from the mortgages unless it has been foreclosed; and the ques-
tion presented by the record is, whether the defendant's possession
of the premises for one year, after he was put in possession under
legal process, is binding upon the plaintiffs and foreclosed their right
to redeem.   As they were not parties to the writ of entry, it is not
claimed that they were bound by the judgment issued therein;
and whether or not they were so bound is not a material question
in this case.   The judgment did not have the effect of foreclosing
the mortgage.   The mortgage subsisted after the judgment as
before, and could only be foreclosed by the defendant's possession
continued for a year (P. S., c. 139, s. 14); and his possession
would be held, not under the judgment, but under and by virtue
of the mortgages.   *Couch* v. *Stevens*, 37 N. H. 169; *Hall* v. *Hall*,
46 N. H. 240, 243; *Ray* v. *Scripture*, 67 N. H. 260.   The mort-
gages vested in him "the seizin as well as the title of the demanded
premises" (*Perkins* v. *Eaton*, 64 N. H. 359, 360), and when he
elected, as he had a right to do, to treat Thomas, who was in the
actual occupancy of the land, as a disseisor, his subsequent posses-
sion was in accordance with the right granted to him by the mort-
gagors.   He acquired no new right of possession by the judgment,
any more than he would if he had taken peaceable possession
under the statute.   *Couch* v. *Stevens*, *supra*.

For the purpose of recovering the possession in a writ of entry
upon a mortgage against the disseisor, it is not necessary that the
mortgagor out of the actual possession should be notified by the
formal service of process, though he might be permitted to appear
and defend against the action.   *Hall* v. *Hall*, 46 N. H. 240.   The
fact, therefore, that the plaintiffs were not parties to the writ of
entry against Thomas does not show that the defendant's posses-
sion under the execution was wrongful or void as to them.   It
was what was granted to him by the mortgage deeds.

Nor can it be successfully contended that the defendant's pos-
session and its continuance for a year was without notice to the
plaintiffs.   They knew, or are presumed to have known, that
Thomas, one of the mortgagors, had occupied the premises and
received the income from the death of their mother to January 23,
1895, the date when the defendant was put in possession, and
that upon that date Thomas was evicted and the defendant en-
tered.   In other words, they knew that a radical change in the oc-
cupation of the premises had occurred; that the defendant, their
mortgagee, was in the exclusive possession; and that Thomas, a
part owner of the equity of redemption, had been excluded there-
from.   They were put upon inquiry as to the character of the
defendant's possession, and it is plain that, upon reasonable inves-

tigation, they would have learned from the record of the service of the writ of possession that he was seeking to foreclose the mortgages by holding the possession for the statutory period of one year.

If the defendant had elected to foreclose the mortgages by the second method of "peaceable entry" (P. S., *c.* 139, *ss.* 14, 16), and not "under process of law," the plaintiffs would have been entitled to no specific personal notice that he was in possession for the purpose of foreclosure. The requirement that he must publish notice of his entry in a newspaper has the same effect in law as a personal service of notice, even when as a matter of fact the mortgagor has no knowledge of the publication. It is "held to be a sufficient notice to all persons interested, that the foreclosure has been commenced." *Howard* v. *Handy*, 35 N. H. 315, 326; *Thompson* v. *Ela*, 58 N. H. 490. "They are bound to take notice of it, or abide the consequences." *Kittredge* v. *Bellows*, 4 N. H. 424, 433; *Gilman* v. *Hidden*, 5 N. H. 30; *Downer* v. *Clement*, 11 N. H. 40. They are constructively notified that the mortgagee is proceeding in accordance with the mortgage-contract to foreclose their rights, and that if they desire to protect them they must satisfy the mortgagee's claim within a year.

The publicity of the entry and possession, which the advertisement is designed to afford, when the entry is peaceable, is also afforded by the action at law and the consequent judicial record, when the mortgagee is put in possession under legal process. And there is no reason why actual notice of the mortgagee's entry to the parties entitled to redeem should be required in the one case and not in the other. In both they are presumed to know that his rightful entry and possession under the mortgage were for the purposes disclosed,—in the one case by the advertisement, and in the other by the court record. There is no legislative purpose expressed that more direct and explicit information should be given to the interested parties, and none can be inferred. As the defendant rcovered the possession by process in an action upon the mortgages regularly brought for that purpose alone, and not for the purpose of obtaining a judgment of foreclosure, and as he remained in the peaceable possession for a year, the plaintiffs' right in equity to redeem from the mortgages was effectually foreclosed, in the absence of any suggestion of fraud or collusion prejudicial to the rights of the plaintiffs.

The fact that, before the writ of entry was brought by the defendant against Thomas, the latter had given the defendant a quitclaim deed of the premises is immaterial, so far as this proceeding is concerned. What the purpose of that deed was is not disclosed; but it appears that Thomas remained in the occupation

of the premises after it was given, as before. There was no change in his apparent occupation until the defendant's entry under the writ of possession; and not until then were the plaintiffs chargeable with notice that the defendant was in possession for the purpose of foreclosure. As above suggested, in the absence of any fraud practiced upon the plaintiffs by which they were misled or deceived by the giving of the quitclaim deed and the subsequent writ of entry against Thomas, there seems to be no occasion to determine what effect the deed had on Thomas' right to redeem, or whether he might have successfully defended against the writ of entry by disclaiming, or by pleading some other special defence. *Mills* v. *Peirce*, 2 N. H. 9; *Pierce* v. *Jaquith*, 48 N. H. 231, 232.

The fact that some of the plaintiffs were minors during the time the defendant was proceeding to foreclose the mortgages did not suspend his right to enforce the mortgage contracts, or prevent the foreclosure regularly begun from becoming absolute as against them. *Thompson* v. *Paris*, 63 N. H. 421. Upon the facts reported, they are not entitled to redeem.

*Case discharged.*

All concurred.