Coös,
March 2, 1909. }

## LARGEY *v.* TAYLOR.

Only one witness is required to a peaceable entry upon mortgaged premises for the purpose of foreclosure.

Section 16, chapter 139, Public Statutes, merely provides an additional method by which evidence of peaceable entry, possession, and publication by a mortgagee may be preserved; and in the absence of the statute, proof of those facts could only be made pursuant to the rules of the common law.

An entry upon mortgaged premises for condition broken is an entry upon, and gives the mortgagee possession of, all the land embraced in the mortgage.

Where a mortgagee has peaceably entered upon and taken possession of premises for condition broken, the existence of locks which he does not find it convenient at once to force and the presence of the mortgagor's chattels in the house do not constitute such an interruption of possession as to defeat foreclosure.

BILL IN EQUITY, for an injunction, filed February 18, 1907. Facts found, and case transferred from the September term, 1908, of the superior court, by *Chamberlin*, J.

February 16, 1906, the defendant held a mortgage upon land and buildings in Jefferson, given by the plaintiff to secure the payment of a note which was then overdue, and on that day her duly authorized agent entered upon the premises in the presence of a witness for the purpose of foreclosing the mortgage. Finding the doors of the house and barn locked, he went upon the piazza of the house and there publicly announced that he took possession of the property in behalf of the defendant for the purpose of foreclosure. Notice of the entry was afterward published as required by law. At the time of the entry the plaintiff was in Concord, having been absent from Jefferson for a few months. When she went to Concord she left her furniture in the house, locked the doors, and took the keys with her. A few days after the entry, probably within a fortnight, the defendant's agent procured a key, unlocked the doors of the house, and changed the locks. He also removed the lock from the barn and put another in its place. He afterward moved the furniture from the house to the barn, and subsequently delivered it to the plaintiff at her request. He has repaired the buildings, cut the grass, paid the taxes for 1906 and 1907, and rented the premises. Since February 16, 1906, the plaintiff has not attempted to enter upon the premises and has exercised no act of ownership over them, other than as above stated.

The court found that the defendant's entry was peaceable and her possession after February 16 was continued, actual, and peaceable, ruled that her entry and possession foreclosed the mortgage, and dismissed the bill. To this ruling and order the plaintiff excepted.

*Andrews & Andrews* and *Edgar M. Bowker*, for the plaintiff.

*Martin & Howe*, for the defendant.

PARSONS, C. J. More than one witness to an entry for condition broken is unnecessary. *Thompson* v. *Ela*, 58 N. H. 490, 493. Section 16, chapter 139, Public Statutes, simply provides an additional method by which evidence of entry, possession, and publication may be preserved. *Farrar* v. *Fessenden*, 39 N. H. 268; *Wendell* v. *Abbott*, 43 N. H. 68, 73. But for the statute, proof of these facts could only be made pursuant to the rules of the common law. *Seely* v. *Insurance Co.*, 72 N. H. 49, 55–57.

The mortgagee's entry was without force or violence and was unopposed. The possession so taken was not disturbed by the mortgagor or any one in her right, but the mortgagee remained in possession, exercising dominion over the premises as detailed in the evidence. The trial court found that the entry was peaceable, and that the defendant, after the date of the entry, for more than a year had continued, actual, peaceable possession. The only fact urged as inconsistent with these findings is that on the day of entry the mortgagee's agent did not go into the house or barn, which were locked, the keys being in the possession of the mortgagor, whose furniture was in the house. The entry without force, violence, or opposition was peaceable. *Thompson* v. *Kenyon*, 100 Mass. 108, 111. In the absence of any interruption of the possession so taken, the mortgagee's continued possession was properly found to have been peaceable. The only question, therefore, is whether what was done was sufficient to give the mortgagee possession of the portion of the land occupied by the house and barn, which were not entered until a few days later.

" When a man enters into land under a deed, . . . such entry will give him possession of all the land which the title under which he enters embraces; because he is presumed to enter, claiming according to his title. The bounds of his possession will be marked by the lines and monuments mentioned in his deed." *Riley* v. *Jameson*, 3 N. H. 23, 27; *Breck* v. *Young*, 11 N. H. 485, 492; *Bailey* v. *Carleton*, 12 N. H. 9, 15. The entry into the premises under the mortgage was an entry upon, and gave the mortgagee possession of, all the land embraced in the mortgage.

*Green* v. *Pettingill*, 47 N. H. 375; *Colby* v. *Poor*, 15 N. H. 198; *Hawkes* v. *Brigham*, 16 Gray 561, 565; Jones Mort., s. 1254. Under the Massachusetts statute, the retention of such possession obtained by peaceable entry into a part operates as a foreclosure upon the whole, even if the mortgagor remains in occupation of a part, performing various acts of ownership. *Fletcher* v. *Cary*, 103 Mass. 475; *Lennon* v. *Porter*, 5 Gray 318; *Bennett* v. *Conant*, 10 Cush. 163. But in this state, by the general understanding of the meaning of the statute, the presumed possession following upon the mere entry is insufficient to sustain a foreclosure, if such possession has been interrupted by the subsequent entry and occupation of the mortgagor or any one claiming under him, without actual recognition of or submission to the mortgagee's foreclosing possession. *Bartlett* v. *Sanborn*, 64 N. H. 70; *Ray* v. *Scripture*, 67 N. H. 260.

But the possession acquired by the mortgagee by the entry of her agent continued until there was an entry in opposition. *Wallace* v. *Goodall*, 18 N. H. 439, 449. No such entry has ever been made. Whatever might have been the effect of the mortgagor's retention of the keys to the buildings and the presence of the furniture in the house, if she had made entry or had attempted by reason thereof to exercise a possession in hostility to the foreclosing possession of the defendant, the mere presence of personal chattels and the existence of locks which the mortgagee did not find it convenient at once to force is not conclusive evidence of personal entry and actual possession by the mortgagor. The plaintiff had notice, constructive and actual, of the foreclosing entry and possession, and asserted no rights in opposition thereto until after the year. A constructive possession based on the keys and household furniture, if such could be found, would not as matter of law establish that the mortgagee's possession was not continued and actual. The finding of fact upon this point cannot be disturbed.

The bill admits the mortgagee's title, from which follows her right to the possession, but does not offer to redeem. It seems to have been convenient for the parties to determine in this proceeding the validity of the foreclosure, and the questions presented have been passed upon without considering whether they are properly raised.

*Exception overruled.*

All concurred.