## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1876.

*Harris and Judd, J. J.*

#### PAAHANA *vs.* BILA.

WHEN, in a submission under the Code the facts of the case disclose a fundamental question decisive of the rights of the parties, although it be not the question submitted, the Court must consider it.

The conveyance of land to husband and wife and their heirs vests the entirety in each of them, and upon the death of one the survivor takes the entire estate.

OPINION BY JUDD, J.

This is a submission under the Code, in which it appears that on the 27th September, 1876, a piece of land on Punch Bowl street, Honolulu, was conveyed by one Naomi to Kenao and Haliata his wife; that on the 5th January, 1873, Kenao died, leaving a will in which Haliata his wife and two children, Paahana (the plaintiff) and Ninia are named; that Haliata and Ninia have since died, and that Haliata left by will all her property to Bila (the defendant) her second husband.

The Court is asked in the submission to construe the will of Kenao. The plaintiff Paahana, claims that it left this property of Kenao's to the devisees named as joint-tenants, and that on the decease of Haliata and Ninia the property vested in Paahana as the survivor; the defendant claims that the will of Kenao left the estate to Haliata in fee, with an estate for life in Paahana and Ninia, and that Ninia having died, by the will of Haliata the fee is now in the defendant subject only to the life estate of Paahana.

Paahana *v.* Bila.

At the last term of this Court when this submission was first presented, it was suggested to counsel, that the fact, which appears in the agreed statement, that the real estate, the subject matter of this controversy, was conveyed to Kenao and Haliata his wife, might be decisive of the rights of the parties in this case. But it is urged by the plaintiff's counsel that the submission asked for the construction of Kenao's will only, and that the Court is limited to this question.

Section 1140 of the Civil Code authorizes parties to a question in difference which might be the question of a civil action in the Supreme Court, to agree upon a case containing the facts upon which the controversy depends, and present a submission of the same, etc., etc. The question in difference of course is the rights of the parties to the submission in the property.

Now it seems to us that where the submission of " the facts of the case" discloses a fundamental question, decisive of the rights of the "parties to the question in difference," the Court must consider it, notwithstanding it may not be the particular question which the parties have put at issue.

In the submission before us it would be labor uselessly expended for the Court to construe the will of Kenao with the liability of being obliged (as soon as the case could be brought) to decide that no estate vested in Kenao capable of being devised by will. We consider, therefore, that the title of Kenao in the property is fairly raised by the statement in the submission, that the premises "were conveyed to Kenao and Haliata his wife."

In Washburn on Real Property, p. 278, the author says, "in consequence of the theoretic unity and entirety of the ownership of husband and wife in respect to their interest in lands, they cannot take by purchase in moieties, and where land was conveyed to hold in common and not in joint tenancy, they were held to take an entirety of estate without

regard to the intent. They are not properly joint tenants of such lands, since, though there is· a right of survivorship, neither can convey so as to defeat this right in the other. Each takes an entirety of the estate." (See also Schouler Dom. Rel. p. 288.)

The view that a conveyance of land to husband and wife and their heirs, vests the entirety in each of them and upon the death of one the survivor takes the whole estate, is abundantly supported by Q. Blackstone Cow. 182; Co. Litt. 187; Wight *vs.* Selden, 20, N. Y. 320; Jackson *vs.* Stevens, 16, Johnson's 110; Barber *vs.* Harrie, 15, Wend. 615; Doc *vs.* Howland, 8 Cow. 278.

The death of Kenao vested the entire estate in Haliata the survivor, who is now represented by Bila the defendant. Paahana takes nothing by Kenao's will, for there was nothing for him to devise.

Judgment for defendant, but costs to be paid by him, as he might have taken this position earlier and saved the plaintiff the expense of an action.

S. B. Dole for plaintiff.

Cecil Brown for defendant.

Honolulu, November 2d, 1876.