HEINRICH PETERSON *et al. vs.* JOSEPH LAZARUS.

IN EQUITY. APPEAL FROM CHANCELLOR JUDD.

APRIL TERM, 1887.

JUDD, C.J., McCULLY and FORNANDER, JJ. PRESTON and BICKERTON, JJ., did not hear the case, having been of Counsel.

On a bill for specific performance of a contract for the sale of land, the Court, not being satisfied that a good title was offered to the purchaser, declined to enforce the contract.

OPINION OF THE COURT, BY JUDD, C.J.

It is much to be regretted that we have not the advantage of the opinion of Justices Preston and Bickerton in this case. Judge Preston having been counsel for the defendant in the matter of the sale of the land and Judge Bickerton having been counsel in the action before me, both were objected to and did not sit at the hearing on appeal.

The case has been a long time before the Courts, owing largely to the fact that the plaintiffs reside in Germany, which has occasioned great delay in communicating with them.

I found in my opinion, filed August 7, 1886, that the defendant was sufficiently well acquainted with the nature and extent of the premises offered to be sold, as not to be deceived by the false description in the advertisement of sale, and that, therefore, it could not be said that there was a gross mistake in the

essence of the contract. I do not retire from that opinion, but affirm it. I said, in my opinion, that other objections were made by the defendant as to the sufficiency of the deed tendered, etc., which were abandoned at the argument before me. But it does not appear in the record that these objections were waived, and on a change of counsel they are renewed on the appeal, which, as repeatedly held, brings the case before the appellate Court *de novo*.

It is claimed by the defendants there is no contract of sale between themselves and defendant.

The contract, as disclosed by the auctioneer's sales book, is between H. F. Glade, Administrator of the Estate of H. Schriever, deceased, and Joseph Lazarus, whereas certain persons, to wit: Heinrich Peterson and others, claiming to be heirs of the deceased H. Schriever, ask for specific performance of a contract made between them and defendant.

If the defendant had relied upon this at the beginning, and had not negotiated with the plaintiffs' attorney for a deed from the heirs of Schriever, I think this objection would be fatal to the plaintiffs obtaining the relief asked for. But specific performance is never enforced unless the Court is satisfied that a good title is offered to the defendant. It would be quite within the power of the defendant to say that he is satisfied with the conveyance tendered, and in that case the Court would be relieved from passing upon it. It now being objected to, I cannot say that there is sufficient proof that the parties executing it are the heirs of H. Schriever.

Since the sale, the buildings on the place were destroyed by the great fire that devastated a large part of this town. But the defendant says in his answer that he is willing to take the premises, notwithstanding the buildings were destroyed by fire, upon a proportionate deduction being made for deficiency in area below the amount called for. I am inclined to consider that this is a waiver, but there is much force in the argument that it was conditioned upon the abatement in price being made. But in consequence of this fire the Legislature, by an

Act which became a law subsequent to the sale, have forbidden the erection of any buildings within certain limits, except such as are fireproof. The lot in question is within these fire limits, and the immediate effect of this law is to lower the value of real estate.

It is true these considerations might have been pressed before the Court below, but I cannot say that they are too late here. The awarding of specific performance is always a matter addressed to the sound discretion of the Court, and the circumstances of the case have become so materially altered since the sale that I do not think it would be equitable to enforce the contract now.

The bill should be dismissed.

*L. A. Thurston*, for plaintiffs.

*W. A. Kinney*, for defendant.

---

I concur in the above opinion.

ABR. FORNANDER.

---

### PER McCULLY, J.

I am of opinion that the case now comes before us on all the matters in the bill, and upon all the points in support of them, nothing having been formally waived. The case is now urged upon grounds which were not presented before the Chief Justice, and which probably change its aspect.

In my view, the variance between the contract declared on between the named heirs of Schriever of the one part and the defendant, and the contract proven of Glade, administrator, and the defendant, is sufficient ground for dismissing the bill. It need not, then, be added that the contract was not signed by the auctioneer, the agent of the parties, nor, if the heirs were not party to the contract, need it be considered whether the plaintiffs were proved to be such heirs.

I think there are sufficient reasons for dismissing the bill, and I concur in the decree to that effect.