## JOHN A. BUTTERFIELD *v.* CHARLES BON.

### ORIGINAL.

SUBMITTED JANUARY 2, 1900.          DECIDED MAY 2, 1900.

FREAR AND WHITING, JJ., AND CIRCUIT JUDGE STANLEY IN PLACE OF JUDD, C.J., ABSENT.

The words "time of entry" as used in Session Laws 1874, Chap. 48, Civ. Laws, Sec. 1787, relating to foreclosure of mortgaged property by entry and possession, mean the "date or day" of entry and not the "hour and minute" of the day.

The certificate of entry is evidence of all facts therein stated necessary to the foreclosure. "All the facts necessary to the foreclosure must appear in the certificate which is the only proper evidence of them. The certificate however is not conclusive evidence that there has been a breach of the condition of the mortgage."

The statement of facts, on which the submission without action is based, not showing with certainty that a material fact is agreed upon, it requiring evidence to establish the same, is dismissed without prejudice.

#### OPINION OF THE COURT BY WHITING, J.

Submission of case without action on agreed statement of facts, viz:

1. Agreement of sale from which the following only is material: Butterfield agrees to sell and Bon agrees to purchase a piece of land (described) on Punahou and Hastings streets in Honolulu; purchase to be complete June 1, 1899, time being of the essence of the contract   *   *   *. Butterfield shall furnish Bon with a good title to the premises free from incumbrances with warranty.

2. Tender of deed by Butterfield to Bon on June 1, 1899, which was refused on the sole ground that a good title had not been furnished. No other objection was made.

3. The title to the premises stands as follows: The lot in question became vested in Thomas Beverly Spring (by deed, November 20, 1895; recorded Liber 155, p. 410, Registry of Conveyances). Spring made mortgage deed on these premises to the Trustees of Oahu College August 5, 1899, of record Liber 163, p. 220. At this point title is good. This mortgage was for the sum of $3,000 with covenants including one for fire insurance, to wit, "that insurance against loss by fire shall be maintained upon the buildings on said premises for not less than twenty-five hundred dollars, loss if any payable to said mortgagee or their representatives."

In case of default in the payment of note, "or in the observance and performance of any of said covenants or in any of the terms hereof" the whole debt becomes due and payable and mortgagee may "thereupon foreclose this mortgage either by bill in equity, entry and possession or by sale at public auction."

4. Before the end of August, 1896, the mortgagor absconded and the mortgagee foreclosed by entry under the statute of 1874, Chapter 48. In September, 1896, the mortgagee being then in possession under the certificate of entry, assigned over to Butterfield the said mortgage, the certificate of entry and all of its rights. Possession has been continuous from entry to date hereof. "Certificate of Entry. This certifies that on this 24th day of August, A. D. 1896, F. A. Hosmer, president of the board of trustees of Oahu College, and on behalf of said trustees, the mortgagees named in that certain mortgage made by Thomas Beverly Spring to said trustees dated August 5, 1896,

and recorded in the Registry of Deeds in Honolulu in Liber 163, pages 220 to 222 inclusive, did enter upon the premises conveyed by said mortgage, to wit, all these premises (describing them) together with all the buildings and improvements thereon, for the purpose of foreclosing the same, for condition broken, to wit, non-insurance as by said mortgage required; said entry being made peaceably and openly in the presence of J. L. Howard and Samuel P. French, the said F. A. Hosmer declaring that such entry was made for the purpose of foreclosure of said mortgage. In witness whereof we the said F. A. Hosmer, J. L. Howard and Samuel P. French de hereunto subscribe our names and on oath depose and say the matters and things stated and set forth in the foregoing certificate are true." Subscribed and sworn to by them before a First Circuit Judge August 24, 1896. "Register Office, Oahu, ss. Received for record this 24th day of August, 1896, at 2:24 o'clock p. m. and recorded in Liber 163, on pages 289 and 290 and compared. Thos. G. Thrum, Registrar of Conveyances."

A copy of the assignment by the trustees to Butterfield is attached but need not be here set forth in detail.

5. The mortgage, certificate of entry and assignment constitute Butterfield's title to the premises to which objection is made as insufficient.

Claims. The said Butterfield claims that his title in the premises is good, that he is the legal owner of the land agreed to be sold; that the entry and certificate are both in accordance with law, and more than a year having elapsed since the entry was made and the certificate was recorded and possession having been continuous since, the foreclosure is complete, the mortgagor is barred from redemption, the title is good and said Bon is legally bound to carry out the contract and accept a conveyance from Butterfield.

Bon claims. (1) That Butterfield does and can produce no evidence of the breach by the mortgagor Spring of the condition to insure, the breach of which condition is alleged to have given

the mortgagee (the trustees of Oahu College) the right to foreclose.

(2)   That the certificate of entry does not comply with the statute (Session Laws 1874, Chap. 48) under which the proceedings for foreclosure were taken by stating the "time of such entry;" that such certificate is therefore invalid and all proceedings consequent thereon are abortive.

(3)   That the terms imposed by the statute not having been complied with, the mortgagor's equity of redemption has not been foreclosed and Butterfield is not the legal and equitable owner of the land, and is not possessed of the land agreed to be sold by him to Bon for an estate in fee simple, and is therefore not able to furnish Bon with a good title to it, and specific performance of the contract cannot therefore be decreed.

It is stipulated that judgment may be entered in accordance with the law determined by this court.

Foreclosure of mortgaged property by entry and possession. Session Laws 1874, Chap. 48, Civil Laws, Sec. 1787, provides:

"After breach of the condition, if the mortgagee, or any one claiming under him, is desirous of obtaining possession of the premises for the purpose of foreclosure, he may proceed in either of the following ways, viz: *First,*  *  *  (by consent in writing of mortgagor). *Second.*  "He may enter peaceably and openly, if not opposed, in the presence of two witnesses and take possession of the premises, in which case a certificate of the act and time of such entry shall be made and signed and sworn to by such witnesses before any judge of a court, and such written consent and such certificate shall be recorded in the Registry of Conveyances and no such entry shall be effectual unless such certificate or consent in writing shall be recorded within thirty. days next after such entry is made."

Sec. 1789.   "Such possession obtained in either of the two modes above described being continued for the term of one year shall forever foreclose the right of redemption."

The defendant Bon claims that courts will not decree specific performance where the title is doubtful; that the purchaser is

entitled to a marketable title and not one that is doubtful such as to expose the vendee to litigation. Numerous cases are cited by counsel but we deem it necessary here to cite only *Peterson v. Lazarus*, 7 Haw. 129, where the court says "specific performance of an agreement of sale of real estate is never enforced unless the court is satisfied that a good title is offered to the vendee."

If the foreclosure of the Spring mortgage is not good or complete, then the plaintiff Butterfield is not entitled to a decree or judgment.

The certificate of entry is claimed to be fatally defective as it does not state the hour and minute of the day of entry.

We are of opinion that "time" as used in the statute, Civil Laws, Sec. 1787, *supra*, does not mean the hour and minute of the entry but the day or date of entry. This appears to be the meaning as used in certificates of entry in Maine, New Hampshire and Massachusetts. *Howard v. Hardy*, 35 N. H. 315; *Freeman v. Atwood*, 50 Me. 473; *Fuller v. Russell*, 6 Gray 128.

The purpose of the entry is to give notice to the mortgagor and others interested that the equity of redemption will be extinguished unless the debt is paid and the terms of the mortgage are fulfilled. *Swift v. Wendell*, 8 Cush. 357.

The object is to fix the time at which the term of foreclosure shall commence so that the mortgagor may know when the year commences beyond which his right of redemption will cease, (*Swift v. Wendell, supra*) and the recording of the certificate is a full and authoritative notice, to all persons, of the fact and date of the mortgagee's peaceable entry and of the cause and purpose of it. *Bennett v. Conant*, 10 Cush. 167; *Fletcher v. Cary*, 103 Mass. 475; Jones on Mortgages, Sec. 1246; *Ellis v. Drake*, 8 Allen 163. The limitation of one year commences after the entry has been made and possession acquired for a breach of the condition of the mortgage, and as the law does not take notice of fractional parts of a day, the continuance of possession commences the day following that of entry. Jones, Mortgages, Sec. 1262; *Thompson v. Vinton*, 121 Mass. 139;

*Fuller v: Russell,* 6 Gray 128. The Hawaiian statute of fore-closure by peaceable entry and possession is substantially the same as the statutes of Maine, New Hampshire and Massachu-setts. We have examined numerous cases in reports of those states but have found none where the hour and minute of the day of entry are set out in the certificate; but the day or date merely is set forth. The setting forth the date complies with the statute which requires the time of entry to be in the cer-tificate.

It is claimed that "time" refers to the hour and minute and has a bearing on the question of open, peaceable and unopposed entry, as, if made in the night time, it would not be open. The law however is silent as to whether the entry may be made by day or night. It is sufficient if the certificate shows a peaceable entry in the presence of two witnesses. "Under statutes provid-ing for the foreclosure of a mortgage by open and peaceable en-try on the mortgaged premises and possession thereof continued peaceably for three years, an entry is peaceable if not opposed by the mortgagor or any person claiming the premises, and suf-ficiently open if made in the presence of two competent wit-nesses whose certificate thereof is sworn to and duly recorded. *Thompson v. Kenyon,* 100 Mass. 108. This point was raised in *Ellis v. Drake* 8 Allen 163, but overruled, the court saying that "the fact that the entry was made more or less public, or that the same was attended by circumstances adapted for con-cealment is of no importance, if the certificate of such an entry is duly sworn to and recorded. This registered certificate fur-nishes ample means to guard against surprise or concealment as such record must exist three years, lacking thirty days, before a foreclosure can take effect."

The certificate of entry is in compliance with the law, the foreclosure is complete and the equity of redemption is barred, and the title in Butterfield is good if there was a breach of condition of the mortgage.

Bon claims that Butterfield does and can produce no evidence of the breach by the mortgagor Spring of the condition to insure,

that being the breach of condition which gave the mortgagee the right to enter and foreclose.

This might be answered by simply referring to the certificate of entry, which of itself is evidence of all facts therein stated necessary to the foreclosure. "All the facts necessary to the foreclosure must appear in the certificate which is the only proper evidence of them. The certificate however is not conclusive evidence that there has been a breach of the condition of the mortgage." Jones on Mortgages, Sec. 1260; *Pettee v. Case*, 11 Gray 478.

Assuming as a fact that there was a breach of the condition to insure, then the title of Butterfield is good and is such a marketable title that the vendee must accept. But if we are called upon to decide whether there was a breach of the condition to insure then the agreed statement of facts should be dismissed for that is a fact in dispute and we are not called on to pass upon evidence but upon the law applied to facts agreed. The parties must agree as to this fact or else produce their proofs in a proper case before a court in equity. If there was no breach of the condition to insure then the title of Butterfield is defective and the vendee can not be compelled to complete the purchase.

"Every purchaser of real estate is entitled to a marketable title free from incumbrances and defects. A marketable title is one that is free from reasonable doubt. There is reasonable doubt when there is uncertainty as to some fact appearing in the course of its deduction and the doubt must be such as affects the value of the land or will interfere with its sale. A purchaser is not to be compelled to take property the possession of which he may be compelled to defend by litigation. He should have a title that will enable him to hold his land in peace, and, if he wishes to sell it, be reasonably sure that no flaw or doubt will arise to disturb its marketable value." *Vought v. Williams*, 120 N. Y. 257. "If a title depends upon a fact which is not capable of satisfactory proof a purchaser cannot be compelled to take it." *Shriver v. Shriver*, 86 N. Y. 575.

If the breach of the condition to insure can be proved with precision, then the objection fails. This may call for negative

evidence, but still may be capable of satisfactory proof, even through Spring the mortgagor. But we are not to pass upon this proof. The agreed statement of facts does not clearly show the breach as an agreed fact, and we cannot enter a judgment for either party.

The submission of the case is dismissed without prejudice.

*Castle & Weaver* for plaintiff.

*Henry Holmes* for defendant.