## JAMES ARMSTRONG AND L. L. McCANDLESS *v.* ANE KEONE.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

ARGUED FEBRUARY 6, 1906.        DECIDED FEBRUARY 12, 1906.

FREAR, C.J., HARTWELL AND WILDER, JJ.

SPECIFIC PERFORMANCE—*defendant's misunderstanding of agreement—whether induced by plaintiffs or not—unfairness of agreement.*

A bill to enforce performance of a written agreement to partition land was dismissed because of its unfairness and of the defend-

ant's apparent mistake as to its contents. Held: The decree is affirmed, the evidence justifying a finding that the written agreement sought to be enforced did not conform to the oral agreement or to the defendant's understanding of its contents in failing to provide that the land apportioned to her should be that on which her house stood.

OPINION OF THE COURT BY HARTWELL, J.

This is an appeal from a decree dismissing the plaintiffs' bill to enforce performance of an agreement of partition made between the parties November 28, 1905. The land being in two parcels is thus described in the agreement:

"1—90-100 of an acre conveyed by the Oahu Railway and Land Co., Ltd., to Ane Keone and John Polipua Keone by Deed recorded in Liber 130, page 370.

"2—About 2 8-10 acres in Kaohai, Manana, Ewa, Oahu, being the unsold portion of Apana 5, R. P. 4497 on L. C. A. 8557 to C. Kanaina."

By the agreement, "The first piece to be divided as follows:.

"A piece at the South West corner of said piece shall be set apart for the party of the first part, as follows: • .

"Starting at the South West Corner of the whole piece, running along Apana 2, L. C. A. 8305 75 feet, thence running North Westerly parallel to line along the Bishop Estate land 100 feet, thence running parallel to the first line 75 feet, to the Bishop Estate boundary line, thence along Bishop Estate land to the initial point, containing an area of 7500 square feet more or less; with a permanent right of way of ten feet in width from the South East Corner of the piece hereby set apart for said party of the first part (the defendant) to the Railroad line.

"The rest of the piece to be set apart for the parties of the second part (plaintiffs).

"2—That Apana 2 in this Agreement to be divided as follows to wit:

"12-28 parts of said piece along Apana 2 of L. C. A. 8305 No. 6 to Uaua to be set apart for the party of the first part; and 16-28 parts of said piece along Apana 4, L. C. A. 7447 to Kuheleloa to be set apart for the parties of the second part."

The bill avers that the plaintiffs had brought suit for partition of one of the pieces but, on the strength of the agreement of November 28, 1905, withdrew it and engaged a surveyor who

surveyed the land December 4, 1905, and the next day engaged attorneys who prepared the partition papers which, on the afternoon of that day, the defendant notified them that she would not sign.

The answer denies that the surveyor was employed to make a survey in accordance with any agreement between the parties and avers that the instructions given him were not in accordance with the division agreed upon, which, as averred, were that the first piece should be so divided that the defendant would have a portion containing 7500 square feet which should include certain buildings and improvements erected thereon by her of the value of $1000; that the plaintiffs reduced to writing what they represented to the defendant to be the oral contract; that the defendant is a comparatively ignorant Hawaiian woman with little or no knowledge of business, slightly acquainted with the English language and wholly unable to read it, having no acquaintance with the terms used in describing boundaries of land; that each of the plaintiffs "is a hard headed, shrewd business man, thoroughly acquainted with the English language" and that they assured her that the written agreement secured her the house lot, buildings and improvements thereon and that the agreement, which was in English, was not read and explained to her; that relying upon this assurance she executed the agreement in full belief that it secured to her what had been orally agreed upon; that soon after the surveyor laid out the lines for the division as outlined in the written contract the defendant learned to her great surprise that the written contract gave her a piece of land 75 x 100 feet which contained no improvements and was worth not more than $100 and gave the plaintiffs a piece of land four times as great and which included the buildings and improvements, being worth not less than $1600, whereupon she refused to execute the deed, averring that the written contract is absolutely unfair, one sided, unjust and unconscionable; that in entering into it the defendant was overreached by the plaintiffs and that the plaintiffs obtained the execution of the agreement by sharp and unscrupulous methods by which she would receive for her share of one

of the parcels 7500 square feet wholly unimproved and the plaintiffs 36194 square feet containing the improvements of the value of $1000 erected and paid for by the defendant and worth not less than $1600, and that the plaintiffs would receive 16-28 of the other parcel.

Judge De Bolt, who tried the cause, dismissed the bill by reason of the "apparent unfairness (of the agreement) and of the undoubted mistake."

The testimony fully authorizes a finding that the defendant understood that the portion of the first lot which she was to have was that on which her house stood and that she believed that the written agreement, written in the English language which she could not read, so provided, her attorney, as he says, merely telling her that it was "all right," and leaving the plaintiffs' attorney to explain it; also that the effect of the written agreement was to place the defendant at great disadvantage in the division far from being compensated by the plaintiffs' agreement to pay costs (about $10) in their partition case, which they discontinued, the surveyor's fee ($28.50), their own attorney's fee, which the defendant was in no way responsible for, and $50 for the defendant's attorney.

The result of a partition suit would have been far better for the defendant as the judge might of his own motion have directed a surveyor to set apart for her in one lot an equal portion on which her house should stand, and an equal portion on the other lot. The expense of this would have been inconsiderable. The plaintiffs' offer to allow the defendant to remove her house, which by the written agreement would be left partly on the division line, is not enough in view of the evidence that it would have to be removed to a less desirable location.

Equity will not compel a defendant to perform a contract which was made by mistake of its contents, or which he "did not intend to make or which he would not have entered into had its true effect been understood," and this whether the mistake was "either intentionally or not induced or made probable, or even possible, by the acts or omissions of the plaintiff." "A mistake which is entirely the defendant's own or that of his agent and for which the plaintiff is not directly or indirectly

responsible may be proved in defense and may defeat a specific performance. This is indeed the very essence of the equitable theory concerning the nature and effect of mistake." 4 Pomeroy's Eq. Jur., 3d Ed., Sec. 1045; 2 Ib., Sec. 860; *Peterson v. Lazarus,* 7 Haw. 129.

No cause appears for reversing the decree appealed from, which is affirmed.

*W. C. Achi* for plaintiffs.

*R. W. Breckons* for defendant.