# D. L. PETERSON *v.* WAIALUA AGRICULTURAL COM-PANY, LIMITED, AND CECIL BROWN.

## ORIGINAL.

ARGUED DECEMBER 10, 1906.   DECIDED DECEMBER 14, 1906.

HARTWELL AND WILDER, JJ., AND CIRCUIT JUDGE DE BOLT
IN PLACE OF FREAR, C.J.

FORECLOSURE BY ENTRY—*right to subsequent rents—certificate of entry.*
   A mortgagee, after peaceable entry for foreclosure, is entitled
to the rents although a foreclosure sale was substituted for the
foreclosure by entry.  The certificate of entry intended by the stat-
ute (Sec. 2166, R. L.) does not require averment of default in the
conditions of the mortgage.

MORTGAGEE'S ASSIGNMENT OF MORTGAGE—*power of sale.*
   The W. A. Co., mortgagee, in order to secure its bonds, assigned
property, which may have included the above mortgage, by deed
of trust which authorized the W. A. Co. until default on its part
to "possess and enjoy the said premises with the appurtenances
and all and singular the rights and privileges hereinbefore
described, to manage and use the same and receive and take the
income, earnings, rents, issues and profits thereof."  This gave
that company the right to exercise the power of sale in the mort-
gage.

OPINION OF THE COURT BY HARTWELL, J.

The plaintiff claims the rent of certain lands which he bought
subject to a mortgage made by his grantor to the Waialua Agri-
cultural Company, Limited, which did not specifically assign
the rents of the mortgaged property and provided that upon
default "the mortgagee, its successors or assigns, might; with
or without first taking possession, sell all the said premises or
any part thereof at public sale."   The principal and interest of

the mortgage becoming overdue, on December 21, 1905, the Waialua Co. by its manager, acting under the authority of the Hawaiian Trust Company, Limited, trustee, entered into possession of the mortgaged property peaceably and openly in the presence of two witnesses and recorded in the registry of conveyances a sworn certificate of the fact and time of such entry (this being done under the provision of Sec. 2166, R. L.) at the same time notifying the tenants upon the land to pay the rents to it, which they agreed to do, but on notice from the plaintiff as owner of the equity they paid the rents, with consent of the plaintiff and the Waialua Co., to a third person to abide the decision of the court herein. The Waialua Co. had assigned the mortgage and note to the Hawaiian Trust Co., together with other property, by deed of trust, to secure payment of its bonds, which deed of trust was canceled March 21, 1906, and a new deed of trust was made by the Waialua Co. to the Trust Co., a copy of which is attached to the pleadings. The schedules in the new deed of trust contain no reference to the mortgage nor was it included therein. This deed of trust is still in force. The Trust Co. have made no release nor assignment of the mortgage. August 11, 1906, the Waialua Co. sold the mortgaged premises under the power of sale therein contained. The amount realized from the sale was not sufficient to pay the amount due nor would it be sufficient if the rents were added.

The plaintiff contends (1) that the mortgage was in effect a pledge and did not pass to the mortgagee the possession nor the right to the lands, that the plaintiff as owner of the equity stood in the place of the mortgagor and was entitled to the possession of the property and the rents thereof until the legal foreclosure of the mortgage; (2) that the foreclosure by peaceable entry and possession was ineffectual for foreclosure because not continued for one year and was abandoned by the subsequent foreclosure sale and also because the certificate of entry was incomplete in not showing all the facts necessary to the foreclosure, particularly that there had been a breach or default in the conditions of the mortgage, citing *Butterfield v. Bon,* 12 Haw. 337; (3) that the mortgage was assigned to the Trust Co.

by the second trust deed though not specifically referred to in its schedules, the wording of the trust deed being as follows: "The Party of the First Part (Waialua Agricultural Company, Limited,) has given, granted, bargained, sold, released, assigned, transferred and conveyed, and by these presents does give, grant, bargain, sell, release, assign, transfer and convey unto the said Hawaiian Trust Company, Limited, Party of the Second Part, as Trustee, and to its successors and assigns forever, *all the property now owned, or that may hereafter be acquired* by the said Party of the First Part, (except its franchise), and particularly those situated on the Island of Oahu, Territory of Hawaii, described as follows, to wit: All and singular the property, real, personal and mixed of every nature and description and wherever situate, particularly mentioned and described in Schedules 'A', 'B' and 'C', hereinafter set forth, to which schedules reference is hereby made; the same comprising the plantation of the Waialua Agricultural Company, Limited, and all additions and improvements which may be made thereto, *and all property now owned* and that may be hereafter acquired by said Waialua Agricultural Company, Limited, or to which it may become entitled;" (4) that there has been no valid foreclosure of the mortgage the right to foreclose it being in the Trust Co. whence the plaintiff claims rents up to the present time and, at least, to August 11, 1906, the date of the foreclosure sale.

At the date of the second deed of trust the mortgaged property was not owned by the Waialua Co. unless the mortgagee's title be regarded as absolute ownership which, as claimed by the plaintiff, is the result of the reasoning in *Allen v. Lucas,* 15 Haw. 52. But the trust deed provides that until default by the Waialua Co. in the covenants and conditions on its part, it may "possess and enjoy the said premises with the appurtenances and all and singular the rights and privileges hereinbefore described, to manage and use the same and receive and take the income, earnings, rents, issues and profits thereof." This provision gave that company the right to exercise the power of sale if the mortgage was included in the security of the Trust Co.,

and therefore it is unnecessary to decide upon the precise nature of its title before foreclosure. This view disposes adversely to the plaintiff of the question of his right to rent accruing after the foreclosure. The certificate of entry contained all that was required by statute. The statement from Jones on Mortgages, Sec. 1260, cited by the court in *Butterfield v. Akoi,* 12 Haw. 343, that "all the facts necessary to the foreclosure must appear in the certificate, which is the only proper evidence of them" is not borne out by *Petly v. Case,* 11 Gray, 478, cited by that author in its support. That case merely decided that notwithstanding a statement to the contrary in the certificate the mortgagor could show that there was no breach of the mortgage conditions. The certificate in the *Butterfield* case was held to conform to the statute although not stating the hour and minute of the day of entry and apparenly not stating whether the mortgagor was in default.

The mortgagee, after entry, was required by statute to account to the mortgagor for the rents, implying that it was entitled to them. The substitution of a foreclosure sale for foreclosure by entry does not make the possession unlawful while it continued nor affect the mortgagee's right to rents meanwhile accruing.

"The right of the mortgagee, in the present case, to make an entry under his mortgage, and to take the rents and profits afterwards, does not depend upon his having made an entry that will be effectual as an entry for foreclosure." *Welch v. Adams,* 1 Metc. 494.

"The subsequent entry for the purpose of foreclosure may have been a waiver to any right to foreclose under a previous entry, but did not impair the mortgagee's right to the rents, or waive the effect of his previous entry and notice, so far as that right was concerned." *Cook v. Johnson,* 121 Mass. 326.

The judgment of the court is that the rents are payable to the Waialua Agricultural Company, Limited, by Cecil Brown who holds them under the agreement to abide by the decision herein.

*C. F. Peterson* for plaintiff.

*D. L. Withington (Castle & Withington* on the brief) for defendants.