## HAWAII CONSOLIDATED RAILWAY, LIMITED, A HAWAIIAN CORPORATION, *v.* WILLIAM BORTHWICK, TAX COMMISSIONER OF THE TERRITORY OF HAWAII.

### No. 2216.

FILED SEPTEMBER 15, 1937.      DECIDED OCTOBER 13, 1937.

BANKS AND PETERS, JJ., AND CIRCUIT JUDGE STAFFORD
IN PLACE OF COKE, C. J., DISQUALIFIED.

*Per Curiam.* This is a petition for a rehearing in the case reported at page 269, *ante.* All of the grounds alleged, except those hereinafter considered, in one form or another,

seek to revive and reargue the same points heretofore considered. Counsel's briefs and argument had our careful consideration and we are convinced that the case does not admit of a different conclusion.

One of the grounds of the petition is that the statement in our opinion of the taxpayer's contentions is inaccurate. As we understood the submission the taxpayer and the tax commissioner were agreed that under the provisions of Act 43, 2d Sp. S. L. 1932, as amended, the tax rate is determined by ascertaining the ratio that net operating income from utility business bears to gross operating revenues from utility business and that the only question of difference between them was whether interest paid by the taxpayer upon bonds issued for capital expenditures was an operating expense and that the amount thereof paid during the taxable year was a deductible item in computing net income. The tax return of the taxpayer which is attached to the submission and made a part thereof, its title, subheads, items and computation of the tax; the agreed statement of facts explanatory thereof; the statement of the contentions of the respective parties in respect to interest, thereby implying that the tax return was otherwise acceptable to the tax commissioner; the suggested form of judgment, indicate that our understanding was correct. Moreover it appears from the tax return and the agreed statement of facts that the item of interest was included in the total amount returned as "operating expenses." Hence our statement that the taxpayer contended "that interest upon bonds issued by a public utility for capital expenditures is an 'operating expense' and the amount thereof paid during the taxable year is a deductible item in computing the net income, the ratio of which to gross income from the public utility business determines the rate of the tax." This statement was amply justified by the submission; similarly our statement of the taxpayer's second contention

"that the ascertained net income to be employed in computing the tax is limited to the net income of the taxpayer from its public utility business." From what has been said the taxpayer obviously was contending not only that the term "net income" as used in the fourth section of the Act, as amended, meant net income from utility business but also that its meaning was restricted to net operating income from utility business. Whether the term "net income," as used in section 4 of the Act, included operating as well as nonoperating income from utility business was not before the court for determination under the agreed statement of facts further than it might be involved incidentally in the construction of paragraph (c), section 2 of the Act, as amended. In what sense, however, the term "net income" was used in section 4 of the Act, as an element in the mathematical formula provided for the determination of the rate of the tax, was before the court for determination and the construction of the term "net income" therefore necessarily involved the question whether as used in section 4 of the Act it referred to net income from utility business only or to net income from both utility and nonutility business. Hence the limitation in our statement of the taxpayer's second contention to "net income of the taxpayer from its public utility business."

That there existed a variance between the taxpayer's contentions as presented by the submission and those advanced in its brief and upon oral argument is apparent. The method employed of soliciting the opinion of this court upon a submission on an agreed statement of facts is not uniform. In some cases after a recitation of the agreed facts direct questions are propounded; in others the questions take the form of contentions. In this case the latter method was employed. It was to the taxpayer's contentions as presented by the submission and not to its contentions subsequently advanced that we referred.

Under the law the submission takes the place of formal pleadings. The submission controls the issues. (*Oleson* v. *Borthwick*, 33 Haw. 766, 794; *Oahu Railway Co.* v. *Ewa Plantation Co.*, 15 Haw. 318, 321; *Hilo Sugar Co.* v. *Mioshi*, 8 Haw. 201, 206; *Paahana* v. *Bila*, 3 Haw. 725.) It is from the submission and not from the briefs of the parties thereto that the issues involved are determined. Moreover, if the issues are presented in the form of contentions, the contentions as stated in the submission, and not those stated in the briefs or upon oral argument, control.

For the purposes hereof we do not deem it necessary to discuss the extent to which parties are bound by or restricted to the questions in difference disclosed by the submission nor whether the taxpayer's contentions as advanced in its brief or upon oral argument, or both, were at variance or inconsistent with its contentions as presented by the submission. Suffice it to say that in stating the taxpayer's contentions we adopted what we believed were its contentions as presented by the submission.

In line with the foregoing we might add that we did not consider the annual report of the taxpayer to the interstate commerce commission, nor that of the taxpayer to its stockholders, made the subject of the supplemental stipulation of facts of June 21, 1937, the same being in our opinion mere evidence of unrelated facts immaterial to the issues. Facts, and not evidence of facts, are the subject of submissions upon agreed statements of fact. (*Butterfield* v. *Bon*, 12 Haw. 337, 343.)

The petition for a rehearing is denied without argument.

*Anderson, Marx, Wrenn & Jenks; Robertson, Castle & Anthony* and *Stanley, Vitousek, Pratt & Winn* for the petition.