### In re STAHL, ASANO, SHIGETOMI ASSOCIATES, Jon Riley Stahl and Noriko Asano Stahl, Debtors.

### Bankruptcy No. 79–00243.

United States Bankruptcy Court, D. Hawaii.

June 25, 1980.

Lawrence I. Weisman, Honolulu, Hawaii, for debtor.

William H. Dodd, Honolulu, Hawaii, for Makani-Kai.

Thomas A. Hulten, Honolulu, Hawaii, for Lewis & Cooke.

### MEMORANDUM OF DECISION

JON J. CHINEN, Bankruptcy Judge.

The Motion of Stahl, Asano, Shigetomi Associates, Jon Riley Stahl and Noriko Asano Stahl, hereinafter "Debtors", for an Order Requiring Makani Development Company, Limited, To Record Agreement of Sale, came on for hearing on June 9, 1980, before the undersigned Judge. Present at the hearing were Lawrence Weisman and Thomas P. Dunn for the Debtors and Gregory P. Conlan for Makani Development Company, Limited, hereinafter "Makani".

Based upon the arguments of counsel, the memoranda and records filed herein, the Court finds as follows:

## FINDINGS OF FACT

1. The Agreement of Sale deals with the sale by Makani and purchase by the Debtors of the Makani Kai Hotel Property, hereinafter "Hotel". On March 29, 1979, Makani brought a foreclosure action in the State Court against the Debtor, thereby vesting in the State Court constructive possession over the Hotel.

2. On June 14, 1979, the Debtors filed their Petition in the Bankruptcy Court, thereby staying the foreclosure action in the State Court.

3. On May 5, 1980, this Court vacated the stay, wherein it returned the property in question to the constructive possession and jurisdiction of the State Court.

4. Makani has never submitted to the jurisdiction of this Court; thus, this Court has no jurisdiction over Makani.

## CONCLUSIONS OF LAW

1. It is well established that the filing of a foreclosure proceeding in a State Court vests that Court with constructive possession of the mortgaged property. *Matter of Roloff*, 598 F.2d 783 (3rd Cir. 1979).

2. It is also well established that, upon commencement of the Bankruptcy proceedings, the Bankruptcy Court has the authority to stay the continuation of the foreclosure proceedings in the State Court.

3. And there is no doubt that the Bankruptcy Court may vacate the stay and return the mortgaged property to the constructive possession and jurisdiction of the State Court.

4. In the instant case, when the Bankruptcy Court vacated the stay, it surrendered further jurisdiction to deal with the mortgaged property, except to control certain distribution of the proceeds from the sale of the mortgaged property.

5. In addition, this Court has no jurisdiction over Makani which has never submitted to the jurisdiction of this Court.

Without jurisdiction over Makani, this Court has no authority to direct Makani to record the Agreement of Sale.

Based on the foregoing, this Court denies Debtor's Motion. An Order encompassing these Findings of Fact and Conclusions of Law will be signed upon presentment.