**In re William and Sue
ZALES, Debtors.**

**Bankruptcy No. 86–00585.**

United States Bankruptcy Court,
D. Hawaii.

July 6, 1987.

Richard L. Tretheway, Kailua-Kona, Hawaii, for debtors.

Edward F. Mason, Wailuku, Hawaii, for Bank of Maui.

MEMORANDUM DECISION AND ORDER RE: MOTION FOR REINSTATEMENT OF AUTOMATIC STAY

JON J. CHINEN, Bankruptcy Judge.

On March 10, 1987, Debtors filed a Motion for Reinstatement of Automatic Stay and for Sanctions ("Motion for Reinstatement"). Creditor Bank of Maui, National Association ("Bank of Maui") filed a cross Motion for Attorney's Fees and Costs, arguing that Debtors' motion was frivolous and filed in bad faith. A hearing was held on March 31, 1987, at which time Bank of Maui was represented by Edward F. Mason, Esq. and Debtors were represented by Richard L. Tretheway, Esq.

Based on the evidence adduced, the records and files herein and the arguments of counsel, the Court now renders this Memorandum Decision and Order.

The basic facts that are not in dispute:

On December 15, 1986, Bank of Maui, Pittsburgh National Bank, Trustee and Debtors entered into and filed a stipulation vacating the automatic stay on Debtors' residence located at 75–5775 Oleka Place, Kailua-Kona, Hawaii 96740. The stipulation provides that there shall be no execution of any deficiency judgment against Debtors or Debtors' asset without further order of the Bankruptcy Court.

On February 2, 1987, Bank of Maui filed a motion for summary judgment and interlocutory decree of foreclosure and appointment of receiver/commissioner in the Circuit Court of the Second Circuit of the State of Hawaii. Bank of Maui also requested that the receiver be allowed to collect reasonable rents due from the date of the filing of the petition in bankruptcy on September 19, 1986. The State Court approved Bank of Maui's motion for summary judgment, including the request for post-petition rents from date of filing.

Debtors filed this Motion for Reinstatement seeking attorney's fees and sanctions, asserting that the execution of judgment for post-petition rents is an execution of a deficiency judgment violating the stipulation vacating the stay.

In *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934), the court stated:

The purpose of the American Bankruptcy system is to relieve the honest debtor from the weight of oppressive indebtedness and permit him to start afresh free from the obligations and responsibilities consequent upon business misfortune.

Bank of Maui's claim arose pre-petition. By seeking, post petition, to collect the fair rental value of the residence from Debtors,

Bank of Maui is thereby attempting to reduce and/or eliminate any deficiency judgment resulting from the foreclosure sale. Thus, in a round-about manner, Bank of Maui is attempting to execute on a deficiency judgment without prior bankruptcy court approval.

Bank of Maui claims that it is not violating the automatic stay, since it has asked the state court-appointed receiver to collect rents only from the date of the petition.

State law governs the right to rents and profits realized from secured real estate. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *In re Ventura-Louise Properties*, 490 F.2d 1141 (9th Cir.1974). Under Hawaii law, an assignment of rents for security purposes do not convey title but only creates a lien as security for the obligation. Hawaii Revised Statutes, Sec. 506–1(a) provides:

> Every transfer of an interest in real property or fixtures made as security for the performance of another act or subject to defeasance upon the payment of an obligation, whether the transfer is made in trust or otherwise, is deemed a mortgage and *shall create a lien only as security for the obligation and shall not be deemed to pass title.* (Emphasis added).

Thus, possession is necessary before the mortgagee is entitled to the rents and profits. *Clise v. Burns*, 175 Wash. 133, 26 P.2d 627 (1933), revised 29 P.2d 1119 (1934); *Peterson v. Waialua Agr. Co.*, 18 Haw. 157 (1906).

In *In re Stahl, Asano, Shigetomi Associates*, 5 B.R. 148 (Bankr.D.Hawaii 1980), this Court held that, once the automatic stay is vacated and foreclosure sought in State Court, constructive possession and jurisdiction is surrendered to the State Court, barring any inequities. Thus, when the automatic stay was lifted, and Bank of Maui instituted a foreclosure action and had a receiver appointed to take possession of the property, it was then entitled to collect rent from the Debtors from that day forward. Although Bank of Maui suggests that it is entitled to collect rents from the date the petition was filed as a post-petition debt, Bank of Maui had no right to charge rent until the receiver was appointed since, as noted above, possession is necessary before a mortgagee is entitled to rents and profits. Since the Debtors were not charging rent to themselves, there can be no accrued rent.

Finally, the Court notes that the stay was not retroactively annulled. In *In re Albany Partners, Ltd.*, 749 F.2d 670, 675 (11th Cir.1984), the Court cited with approval 2 *Colliers Bankruptcy Manual*, Section 362.02 (3rd Ed.1983), as follows:

> In addition to the obvious power to terminate the stay Section 362(d) also gives the bankruptcy court the power to annul the stay. The difference between the two is that an order annulling the stay could operate retroactively to the date of the filing of the petition which gave rise to the stay, and thus validate actions taken by the party at a time when he may have been unaware of the existence of the stay. On the other hand, an *order terminating the stay would be operative only from the date of its entry.* (Emphasis added.)

Since the automatic stay was in effect from September 19, 1986, the date the petition was filed, until the termination of the stay on December 15, 1986, the Bank of Maui violated the automatic stay when it sought to collect rents for that period. Because this is a case of first impression, the Court declines to award attorney fees and sanctions for violation of the automatic stay, except to the extent the Bank has collected rent for the period prior to the appointment of the receiver by the State Court.

NOW, THEREFORE,

IT IS HEREBY ORDERED that Bank of Maui shall not attempt to collect any amount for rent for the period from September 19, 1986 to the date the receiver was appointed by the state court.

IT IS FURTHER ORDERED that Bank of Maui shall be sanctioned for violating the automatic stay by repaying to Debtors an amount equal to the sum collected, if any, from Debtors.

IT IS FURTHER ORDERED that the requests for attorney fees is denied.