In re Leroy C. **JONES** and Catherine L. Jackson, Debtors.

Leroy C. Jones and Catherine L. Jackson, Appellants/Plaintiffs,

v.

Countywide Home Loans, Inc. and Robert Untig, Appellees/Defendants.

No. CIV.A. 05–2548.

United States District Court, E.D. Pennsylvania.

Sept. 22, 2005.

Leroy C. Jones, Ridley Park, PA, Pro Se.

Catherine L. Jackson, Ridley Park, PA, Pro Se.

David A. Scholl, Newtown Square, PA, for Leroy C. Jones, Catherine L. Jackson, Appellants.

Kevin C. Rakowski, Pelino & Lentz, pc, Patrick J. Doran, Pelino & Lentz, Philadelphia, PA, Thomas F. Grady, Thomas F. Grady P.C., Philadelphia, PA, for Countrywide Home Loans, Inc., Robert Untig, Defendants.

*OPINION*

KATZ, Senior District Judge.

## I. FACTUAL AND PROCEDURAL BACKGROUND:

On October 29, 2001 Appellee, Country Wide Home Loans, conducted a Sheriff's sale of Appellants' home. It is now apparent that shortly before the Sheriff's sale took place Appellants, Leroy Jones and Catherine Jackson, had filed for Bankruptcy in the District of New Jersey and an automatic stay had been instituted. The New Jersey Bankruptcy Court, however, subsequently dismissed the bankruptcy proceedings, and on February 19, 2002 issued an order "Vacating Dismissal, Annulling the Automatic Stay, Allowing Prospective in rem Relief as to Real Property and Dismissing the Case" under section 362 of the Bankruptcy Code.

On April 19, 2002, the Court, in response to Appellants' motion, reinstated the case and the automatic stay on the condition that Appellants meet certain obligations. The Appellants failed to fulfill these obligations and as a result, on May 5, 2003, the New Jersey Bankruptcy Court issued a second order annulling the stay. Appellants did not appeal either annulment order.

On February 3, 2004, Appellants filed suit in the Bankruptcy Court for the Eastern District of Pennsylvania seeking an order invalidating the Sheriff's sale and seeking compensatory and punitive damages for violation of the automatic stay. Appellants' Complaint did not mention either annulment order. Appellees filed a motion for Summary Judgment, which the Pennsylvania Bankruptcy Court granted.

## II. STANDARD OF REVIEW

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c). "Facts are 'material' if they could affect the outcome of the suit under the governing substantive law." *Chisolm v. McManimon*, 275 F.3d 315, 321 (3rd Cir.2001). In reviewing a decision for summary judgment granted by a bankruptcy court, the district court sits as an appellate court. *In re Tops Appliance City, Inc.*, 372 F.3d 510, 513 (3rd Cir.2004); *Brown v. Pennsylvania State Employees Credit Union*, 851 F.2d 81, 84 (3rd Cir. 1988). The district court should apply the clearly erroneous test to questions of fact and de novo review to questions of law. *In re Brown*, 951 F.2d 564, 567 (3rd Cir. 1991).

## III. DISCUSSION

■ The Bankruptcy Court for the Eastern District of Pennsylvania properly granted summary judgment. The orders issued by the Bankruptcy Court of the District of New Jersey on February 19, 2002 and May 5, 2003 annulled the automatic stay and retroactively validated the Sheriff's sale. *See In re Siciliano*, 13 F.3d 748, 752 (3rd Cir.1994) (stating that under 11 U.S.C. § 362(d), bankruptcy courts have the authority to grant an annulment of an automatic stay to retroactively validate actions taken in violation of that stay).

■ The word annulment in the context of granting relief from an automatic stay has a solitary meaning with a well-defined effect. "Annulment is a term of art; the Code clearly distinguishes between 'terminating, annulling, modifying, or conditioning' a stay." *In re McAuley*, 66 B.R. 696, 701–02 (9th Cir. BAP 1986)(quoting 11 U.S.C. § 362(d)). "[T]he inclusion of the word 'annulling' in the statute, indicates a legislative intent to apply certain types of relief retroactively and validate proceedings that would otherwise be void ab initio." *In re Siciliano*, 13 F.3d at 751; *see also In re Askew*, 312 B.R. 274, 281 (Bankr.D.N.J.2004).[1] "When a court annuls the automatic stay…it is as if the stay never existed." *In re Siciliano*, 167 B.R. 999, 1007 (Bankr.E.D.Pa.1994). Given the unambiguous nature of the meaning of annulment, a Bankruptcy Court's annulment order need not specifically state that it is retroactively validating a violation of an automatic stay; it is sufficient that the order state that the automatic stay is annulled. The retroactive effect is implicit in the order. Therefore, if the New Jersey Bankruptcy Court issued an order annulling the automatic stay, the Sheriff's sale is valid and Appellant's claims for violation of the stay are precluded.

### A. The February 19, 2002 Order

The February 19, 2002 order, although arguably ambiguous, annulled the auto-

---

1. *In re Askew*, which explains the effects of annulling an automatic stay, was issued by the same bankruptcy judge who issued the annulment orders in the New Jersey Bankruptcy proceedings in the present case. This suggests that the Bankruptcy Judge understood the effect of an annulment of an automatic stay.

matic stay. The Court issued an order titled "Vacating Dismissal, *Annulling the Automatic Stay,* Allowing Prospective in rem Relief as to Real Property and Dismissing the Case." The body of the order, however, states that the "automatic stay of Bankruptcy Code 362(a) is to be *vacated....* "

Although the meaning of word "annulling" in the New Jersey Bankruptcy Court's order is unambiguous, the meaning of "vacate" is less clear. Section 362(d) of the Bankruptcy Code "does not speak in terms of 'vacating' the automatic stay." *In re Crawley,* 53 B.R. 40, 42 n. 2 (Bankr.D.Minn.1985)(interpreting a party's request to "vacate the automatic stay retroactively" as if it were a request for an annulment). 11 U.S.C. § 362(d) states "the court shall grant relief from the stay...by *terminating, annulling, modifying, or conditioning* such stay." 11 U.S.C. 362(d)(emphasis added).

Some courts have used "vacate" synonymously with "annul," which has a retroactive effect, while other courts have used it to mean "terminate," which has a prospective effect. *Compare In re Ward,* 837 F.2d 124, 125 (3rd Cir.1988)(discussing Appellants request to for an order vacating the automatic "stay and confirming the sheriff sale," which had taken place in violation of the automatic stay) *with In re Zales,* 77 B.R. 257, 258 (Bankr.D.Hawai'i 1987)(holding that a stipulation vacating an automatic stay did not retroactively annul

the stay, but instead terminated it); *cf.* Blacks Law Dictionary (8th ed.2004)(defining "vacate"—"To nullify or cancel; make void; invalidate").

In this case an examination of the pleadings, however, demonstrates that the purpose of the New Jersey Bankruptcy Court's order was to annul the automatic stay. On December 17, 2001, Appellees filed a motion for an order "Vacating Dismissal, Annulling the Automatic Stay, Allowing Prospective in rem Relief as to the Real Property and Dismissing the Case," which is the exact title of the Order that the New Jersey Bankruptcy Court issued on May 5, 2003. The contents of Appellees' motion specified that it sought "prospective in rem relief *to validate actions unknowingly taken subsequent to the commencement of the within bankruptcy proceeding* and authorize further action by the moving party."(emphasis added).[2] The New Jersey Bankruptcy Court granted this motion thus demonstrating its intent to annul the automatic stay and retroactively validate the Sheriff's sale.

**B. May 5, 2003 Order**

Moreover, the May 5, 2005 order unambiguously annuls the automatic stay after it had been reinstated. On April 19, 2002, the New Jersey Bankruptcy Court issued an order conditionally vacating the dismissal and reinstating the bankruptcy case and automatic stay.[3] Appellants failed to comply with conditions mandated by the Reinstatement order, and on May 5, 2003,

---

**2.** This language weakens Appellant's claim "that putting aside the word 'annulment' itself, that nothing supported the conclusion that retroactive relief was *sought"* by the Appellees. Appellants' Brief at 9 (emphasis added).

**3.** There is a question as to whether the February 19, 2002 order has any legal effect after the New Jersey Bankruptcy Court vacated the dismissal and reinstated the case on April 19, 2002. The reinstatement order does not spe-

cifically mention whether it vacated the annulment of the automatic stay. Additionally, the reinstatement order grants the Appellees authority "to proceed with eviction" in the event Appellants default on the conditions imposed by the order. This suggests the Court would view the foreclosure sale as valid in the event the Appellants failed to comply, which they did. However, if the prior annulment order were void, then the May 5 order would still retroactively validate the Sheriff's sale.

the New Jersey Bankruptcy Court issued an order "Annulling Stay and Allowing Prospective in Rem Relief as to Real Property." The Order states that the "automatic stay is annulled," and expressly allows the Appellants to proceed with "the eviction process without further Order of this Court...." Therefore, there is no question that the New Jersey Bankruptcy Court order annulled the automatic stay.

## C. Conclusion

Given these facts, the Bankruptcy Court for the Eastern District of Pennsylvania correctly found that the New Jersey Bankruptcy Court had entered annulment orders and retroactively validated the Sheriff's sale. Therefore, there is no material issue of fact as to whether the Appellants violated the automatic stay.

For the preceding reasons, the judgment of the Bankruptcy Court of the Eastern District of Pennsylvania is AFFIRMED.

